STATE of Missouri,
Plaintiff-Respondent,

v.

Larry CORLEY, Defendant-Appellant.

No. 43952.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 15, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

William Shaw, Public Defender, Janet F. Catalona, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant was convicted of four counts of selling marijuana and sentenced to ten years on each count, with the sentences to run concurrently. He appeals.

On March 19, 1980, undercover narcotics detectives Webb and Rogers were on Cates Avenue in an unmarked police vehicle. They were accompanied by a confidential

informant who introduced them to Lawrence Chowning. When Detective Webb stated he wanted to buy some drugs, Chowning agreed to arrange a purchase for him. Chowning told the others to wait in the car and he entered an apartment building in which defendant lived. Chowning soon returned and stated that "his man" was out of marijuana but that later he could sell them some "dust" (PCP, a controlled substance). Webb explained he did not want to wait because his companion (the confidential informant) would not be around later. Chowning stated he would check with someone else and left again. After waiting ten minutes, Webb decided to try to find Chowning. He and the informant walked up the street where they encountered defendant. Webb asked him where they could find Chowning, and defendant asked them if they were the ones wanting "the stuff." When Webb replied in the affirmative, defendant invited them into his apartment. Once in the apartment defendant stated he had some marijuana mixed with "dust". Webb declined this offer, stating he simply wanted some marijuana. Defendant said that he could get a quarter pound of marijuana for him and that he would get in touch with Webb later. About 7:30 that evening Webb received a call from defendant. He returned to Cates Avenue with Detective Rogers, but without the informant. Inside the detectives' car and in the presence of Rogers and Chowning, defendant handed Webb the marijuana in exchange for money.

Defendant made three subsequent sales of marijuana to Webb on March 25, 1980, April 3, 1980, and May 6, 1980. At trial defendant denied making any sale to Webb. He contended that he was merely present when Lawrence Chowning made the drug sales.

In his first Point Relied On, defendant contends the trial court erred in overruling his motion to compel disclosure of the confidential informant's identity. Defendant argues that the informant could offer relevant testimony crucial to his defense and that the state did not show it had an interest in nondisclosure. We disagree.

■ It is the general rule that communications made by informers to governmental officials are privileged. *State v. Yates,* 442 S.W.2d 21, 25 (Mo.1969). Exceptions have been carved out of this rule, however, where fairness to the defendant so requires. *Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957), suggested three defenses for which the informant's testimony could be vital: entrapment, mistaken identity of the person or package, and lack of knowledge of the contents of the package. *See also State v. Wandix,* 590 S.W.2d 82, 85 (Mo. banc 1979), *cert. denied,* 445 U.S. 972, 100 S.Ct. 1665, 64 L.Ed.2d 248 (1980). The determination of whether a defendant can have a fair trial without disclosure of an informant is a matter resting within the sound discretion of the trial court. *State v. Yates,* 442 S.W.2d at 25. While it has been stated that a fixed rule with respect to disclosure is not justifiable, *Roviaro v. United States,* 353 U.S. at 62, 77 S.Ct. at 628, we find no error in the trial court's refusal to disclose the identity of this informant.

Detective Webb testified that, accompanied by the informant, he entered defendant's apartment on March 19 and negotiated the first drug sale with defendant. Defendant argues that his alleged involvement in that negotiation set the tone for everything that followed in the three subsequent sales. Therefore, he contends, the informant's testimony regarding the detective's first meeting with defendant is highly relevant and critical to his defense. He argues that because no one else witnessed the first negotiation, only the informant could substantiate or refute the state's evidence that defendant rather than Chowning negotiated the sale.

Defendant was charged, however, with four counts of selling marijuana. The confidential informant accompanied the officers not to arrange a sale, but to introduce them to Lawrence Chowning, a drug contact. Although the informant was present at the initial negotiation, his involvement ended there. He was not present at the

first sale, and the other three sales were negotiated and consummated without him.

Defendant did not deny that drugs were sold to the detective. He did not deny his presence at the sales. Consequently, the case as finally submitted to the jury consisted of conflicting testimony regarding who sold the drugs and thus rested on the credibility of the witnesses. The jury chose to believe the state's witnesses.

■ In reviewing the trial court's decision not to compel disclosure of the confidential informant's identity, we must weight the cruciality of disclosure to the defense against the state's need for nondisclosure. *State v. Wandix,* 590 S.W.2d at 85. As stated in *Roviaro,* the public interest in protecting the flow of information from the informant is balanced against defendant's right to prepare his defense. 353 U.S. at 62, 77 S.Ct. at 628. Under the facts of this case, where four sales occurred and the informant merely introduced the detective to Chowning and observed the first sale's negotiation, we find that revelation of the informant's identity was not crucial to defendant's defense. Point denied.

In his second Point Relied On, defendant contends the court erred in refusing to submit to the jury defendant's instructions on the lesser offense of possession of marijuana in that the evidence at trial supported the submission. We disagree.

■ In a prosecution for selling marijuana, an instruction on the lesser offense of possession of marijuana is required only if the evidence shows that the defendant may be guilty of possession even though he may not be guilty of the offense of selling. *State v. Ashley,* 616 S.W.2d 556, 560 (Mo. App.1981).

■ Defendant alleged that Detective Webb, after buying marijuana from Chowning, "pinched a little" and gave it to defendant as payment for the use of his apartment. Defendant admitted possessing and smoking marijuana in the past, and also alleged smoking it with Webb. Defendant denied, however, possession of the controlled substance in issue, the marijuana

sold to Detective Webb. The evidence does not, therefore, support an instruction on possession; defendant was guilty of the offense of selling or he was not guilty of any offense. *State v. Ashley,* 616 S.W.2d at 560.

■ We find the evidence adduced at trial sufficient to find defendant guilty of the offense of selling. There was no error in failing to instruct on the lesser offense of possession of marijuana.

The judgment is affirmed.

GUNN and SIMON, JJ., concur.