STATE of Missouri, Respondent,

v.

James D. EDWARDS, Appellant.

No. 50484.

Missouri Court of Appeals,
Eastern District,
Division One.

June 24, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Linda Vespereny, St. Louis, for appellant.

William L. Webster, Lee A. Bonine, Jefferson City, for respondent.

SNYDER, Judge:

James D. Edwards appeals from the judgment rendered and sentences imposed after a jury found him guilty of burglary in the second degree, § 569.170 RSMo. 1978, and attempted stealing over $150.00, § 564.011 RSMo. 1978. The trial court found him to be a persistent offender and sentenced him, pursuant to § 558.016 RSMo.Cum.Supp.1984, to consecutive terms of fifteen years on the burglary offense and ten years on the stealing. The sentences were ordered to run consecutively to a 200 year sentence and a life sentence already being served. The judgment is affirmed.

Appellant raises four points on appeal. He predicates trial court error in (1) its denial to him of a duly qualified venire panel free from bias and prejudice; (2) its denial of a mistrial requested after he was led by the sheriff before the jury room while jurors were inside and the door was open; (3) its denial of a mistrial requested after the prosecutor during his cross-examination of appellant's father asked the father whether he had previously testified in his son's behalf, implying appellant's involvement in other crimes; and (4) its finding appellant to be a persistent offender based on procedures which violated defendant's rights to due process and equal protection.

No challenge to the sufficiency of the evidence is raised. The evidence established beyond a reasonable doubt that appellant and a companion unlawfully entered

a residence in St. Louis County intending to steal and that he or his cohort removed a gun and a small bank normally kept in a bedroom in the house. The items were recovered on the living room floor after the owners' arrival interrupted the burglary.

In his first point appellant contends the trial court erred in denying his requested strikes for cause of certain members of the venire panel because of their bias and prejudice. He urges that the panel members' various experiences with law enforcement, their relationships with victims of crime, and their familiarity with the area of the crime scene are grounds for granting his motions to strike for cause seventeen members of the venire panel. The trial court did, in fact, allow defense counsel's challenges for cause in the case of several panel members.

The trial court has wide discretion in determining the qualifications of venire persons and its ruling on a challenge for cause will not be disturbed in the absence of a clear abuse of discretion. *State v. Draper*, 675 S.W.2d 863, 865 (Mo. banc 1984); *State v. Evans*, 701 S.W.2d 569, 572 (Mo.App.1985).

To show an abuse of discretion, the bare possibility of prejudice is not enough; instead, it must clearly appear from the evidence that the challenged venire person was in fact prejudiced. *State v. Evans*, 701 S.W.2d at 572.

Appellant has cited instances where only the mere possibility of prejudice exists; he has failed to prove or at least raise the suspicion that the facts adduced will cause a venire person to be prejudiced or biased. All of the venire persons about whom appellant complains testified without reservation they could be fair and impartial jurors. Their answers, considered in their entirety, dispel any vestige of prejudice.

Appellant's reliance on *State v. Holliman*, 529 S.W.2d 932 (Mo.App.1975) is misplaced. In *Holliman*, in which the defendant was tried for the murder of a police officer, this court reversed the judgment where the trial court failed to strike a prospective juror for cause. Despite the juror's avowal that he would give the defendant a fair and impartial trial, voir dire disclosed he was the father of a policeman and knew the slain police officer, as well as the victim's father. None of the persons interviewed on the jury panel here disclosed any relationship as close and potentially prejudicial as that in *Holliman*.

*State v. Campbell*, 699 S.W.2d 25 (Mo. App.1985), is more persuasive. In *Campbell*, although a close male friend of a prospective juror had been murdered just one week before the trial occurred, the trial court refused to strike the prospective juror for cause in a case involving second degree murder. The trial court's decision was upheld based on the juror's statements to the state's counsel that she could put aside her personal tragedies and sit as an impartial juror. 699 S.W.2d at 29.

Appellant's complaints about the panel members are general rather than specific. He does not cite to any portion of the record which would support a finding that a panel member who was not removed for cause would be unable to render a fair and impartial verdict. The challenged veniremen indicated without equivocation that they could base their decisions on the evidence adduced and the court's instructions. Appellant's first point is denied.

In his second point relied on appellant maintains the trial court erred when it failed to grant a mistrial after the court was informed that appellant's right to be presumed innocent was violated when he "had been paraded before the jury room in the sheriff's custody while jurors were inside and the door to the jury room was open."

The trial court refused to grant a mistrial and instructed the sheriff to avoid a reoccurrence of the episode. Although appellant claims the incident was likely to arouse prejudice in the minds of the jurors, he demonstrates no proof of prejudice. No evidence that any juror saw appellant was presented. It cannot be presumed the jury saw appellant in the sheriff's custody.

Further, assuming a juror did see appellant, the record does not disclose whether appellant was handcuffed, or whether the sheriff's men were uniformed or in plain clothes.

In *State v. Cowans*, 643 S.W.2d 628 (Mo. App.1982), the court found that the brief, inadvertent exposure of the handcuffed defendant to the jury cannot be said to result in prejudice. *Id.* at 630–31. The same holds true here. The point has no merit.

■ In his third point appellant charges the trial court with error because it refused to declare a mistrial when appellant's father was asked by the prosecution during cross examination whether the father had previously testified on behalf of appellant. Defense counsel objected before the father could answer. The objection was sustained. The trial court denied appellant's motion for mistrial. The prosecution abandoned that line of questioning, despite his contention that he was entitled to ask the question to establish the father's bias or lack of credibility.

A trial court has broad discretion in the grant or denial of a motion for a mistrial. *State v. Young*, 701 S.W.2d 429, 434 [6] (Mo. banc 1985). Here the objection to the question was sustained and no further question asked. The trial court's broad discretion was not abused.

In appellant's fourth point he contends the state produced no competent evidence of his prior convictions. Appellant objected to the admission of the records of his prior convictions, saying they were not "properly authenticated, do not properly show that the defendant received a fair trial and due process rights guaranteed him by the constitution of the United States, and competently represented by attorneys". The crux of appellant's complaint is that the documents show a prior guilty plea by appellant which did not establish whether he was represented by, or had waived the right to, counsel, and whether his plea was voluntary and intelligent.

The record which has been filed in this court shows only that the trial court received (1) a certified copy of a sentence and judgment from the circuit court of St. Louis County following a jury's finding appellant guilty of murder in the first degree, and (2) an authenticated copy of a judgment and sentence from a federal court in Texas for transporting a stolen motor vehicle in interstate commerce following a guilty plea by appellant. Neither of the records is before this court.

■ In order for an appellate court to review an alleged error in the trial court, the appealing party must see to it that the record on appeal incorporates the basis for the challenged error. *State v. Greathouse*, 694 S.W.2d 903, 910 [12, 13] (Mo.App.1985). In *Greathouse*, the court held where the record on appeal did not contain the certified copies of the records of prior convictions received in evidence by the trial court, there was insufficient basis upon which to determine whether the state produced competent evidence of prior convictions that were properly certified. *Id.*

■ Here the record on appeal demonstrates only that records of appellant's conviction and guilty plea were received in evidence by the trial court. Whether the records themselves disclosed that appellant had an attorney and that his guilty plea was voluntarily and intelligently made may be be determinable from those exhibits, but this court, not having the exhibits before it, may not find that the trial court erred in finding appellant to be a prior and persistent offender. Appellant has failed to meet his burden to demonstrate error. 694 S.W.2d at 910. Appellant's final point is also without merit.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.