STATE of Missouri,
Plaintiff-Respondent,

v.

Andrew FUNKHOUSER,
Defendant-Appellant.

No. 14735.

Missouri Court of Appeals,
Southern District,
Division Two.

April 23, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 14, 1987.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James D. McNabb, Asst. Public Defender, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of selling cocaine and sentenced as a persistent offender to 30 years' imprisonment. Defendant's three points relied on relate to the identity and location of an "informant".[1]

The identity of an informant should be disclosed when fairness to a defendant so requires. *State v. Corley*, 639 S.W.2d 94, 95 (Mo.App.1982). Determining whether a defendant can have a fair trial without disclosure of an informant is a matter resting within the sound discretion of the trial court. Id. See also Rule 25.10(B).

Defendant raised the defense of entrapment and that issue was submitted to the jury by appropriate instructions. The informant, identified in the transcript of a tape admitted in evidence and by an "undercover" highway patrolman as "Alicia", had several phone conversations with defendant. She approached defendant asking him to sell cocaine to the patrolman. The informant did not testify at the trial.

Defendant testified that he met a female named "Alicia McMechan" when they both worked at a fast food restaurant. He stated that they used marijuana and cocaine together. He detailed certain phone conversations they had regarding the proposed sale of cocaine to the undercover highway patrolman. At first defendant was reluctant to see or sell to the patrolman but said he later yielded in response to Alicia's persuasion and agreed to do so.

Apparently the telephone conversations were Alicia's only connection to the incident with which defendant was charged. She was not present when the patrolman and defendant met or when cocaine was sold by defendant to the patrolman.

Defendant complains in his first two points that the trial court erred in not ordering the state to disclose the identity and location of the informant. As earlier mentioned, the identity of the informant appears to have been established. However, defendant claims that he did not know her whereabouts and should have received that information.

On the morning of trial defendant filed a motion asking the court to enter "an order requiring the plaintiff to reveal to the defendant any deal, agreement, or understanding with any prospective or potential prosecution witness or any informer including, but not limited to, any grant or promise of official or unofficial immunity, leniency, recommendation, payment, preferential treatment, reward, or offer thereof".

1. What if anything the "informant" told is not disclosed in the record. As the parties have referred to her as the "informant" we will do so also in this opinion.

It did not seek the address of any informant or Alicia McMechan.

The transcript reveals that defendant's attorney stated that a motion regarding the informant was previously filed and denied by the circuit judge who initially presided over the matter. However, there is nothing else in the record to support that assertion. After the trial commenced, but before the jury began hearing evidence, defendant's attorney sought to "renew" that motion, which he described as a "motion to reveal confidential informant 359, or Alicia McMechan's, address and whereabouts." Indicating concern for her safety, the trial court denied that request. At the close of the states evidence, defendant's counsel said he "would renew ... Mr. Funkhouser's motion, to reveal the location of the witness ... the person that's been identified in this trial as Confidential Informant Number 359". That request was also denied.

█ Had the defendant proceeded before trial according to Rule 25, the result might have been different. However, on this record defendant cannot prevail. The record does not establish that had the informant's whereabouts been disclosed when requested she would have been available to testify. Nor does anything in the record indicate that the state knew her whereabouts. Under these circumstances the defendant has not established that he was prejudiced by the trial court's rulings regarding the informant and that the trial court abused its discretion in those rulings. Points one and two are denied.

█ Defendant contends in his third point that the trial court erred by ordering defendant's counsel not to refer to the informant by name when cross-examining a law enforcement officer because this denied defendant the ability to establish that she was the same person who had induced defendant to sell cocaine to the undercover officer. The trial court ordered that the defendant's counsel use only a number when referring to the informant.

This might have been error as defendant related what Alicia McMechan had told him, and perhaps he was entitled to show that she was the only person other than the patrolman who called him regarding the sale. However, defendant did establish that she was the one who called him and thus he could not have been prejudiced by that order. As earlier mentioned, a transcript of a tape recording of one of the telephone conversations revealed that the person making the calls for the patrolman was named Alicia. The patrolman stated he only knew her first name and did not know where she presently was. He also acknowledged in cross-examination that "Alicia" was his "confidential informant".

As it was established that "Alicia" was the informant and that the patrolman did not know her last name or whereabouts, defendant received all information available from the patrolman regarding her identity. As a practical matter it was shown that this "Alicia" and "Alicia McMechan" were the same person. There is no merit to this contention.

Under this point defendant also claims that by not allowing him to establish that Alicia McMechan was the same person who induced defendant to sell, the prosecuting attorney was allowed to argue that defendant had cocaine sales with some other person. We are not cited to the portion of the closing argument where that occurred. No objection was made to the state's closing argument on that ground and we cannot find where the prosecutor made such an argument. The prosecutor did state that the defendant "may think he knows who it [informant] is." However, the argument does not appear to us to be improper in the respect claimed. We find no basis for this contention. Point three is denied.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.