STATE of Missouri, Respondent,

v.

Mary Ann BROWN, Appellant.

No. 52891.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1988.

Thomas R. Motley, Hannibal, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of manufacturing marijuana, § 195.020, RSMo 1986, and of possession of more than thirty-five grams of marijuana, § 195.020, RSMo 1986. She was sentenced to one year in the county jail and fined $1,000 on the possession charge. On the manufacturing count she was sentenced to a consecutive one-year term in the county jail. We affirm.

Based upon aerial and ground observation of a plot of marijuana plants, the police obtained a warrant to search the residence of defendant and her husband. When the police knocked on the door at approximately 6:30 a.m., June 11, 1986, defendant's husband answered the door and invited the officers into the house. As they spoke defendant came out of the master bedroom. Defendant's husband consented to a search of the house and property. Defendant and her husband were arrested.

The police found two plots containing marijuana plants; 71 plants were found surrounded by a woodpile, and 250 plants were growing in a horseweed patch. Two plants were found drying on the back porch, one bag of marijuana was laying out in the dining area, packed in a freezer in a shed were ten bags of marijuana weighing over 35 grams, and in a second bedroom there was a jar of marijuana seeds as well as a bag of marijuana hidden in a backgammon board. In addition to the plants and the dried marijuana, the police found a small amount of a green leafy substance in the basement along with planters and grow bulbs such as might be used for starting to grow marijuana plants.

■ Defendant challenges the sufficiency of the evidence to support the convictions. The gist of her argument is that there was no direct evidence linking her to either the plants or the bags of marijuana. Both possession and a knowledge of the nature of the controlled substance may be proven by circumstantial evidence. *State v. Barber*, 635 S.W.2d 342, 343[3] (Mo. 1982); *State v. Poole*, 683 S.W.2d 326, 329[2] (Mo.App.1984). Since defendant did not have exclusive control of the premises, more evidence than the mere presence of the controlled substance is necessary to sustain the convictions. *Barber*, 635 S.W. 2d at 343–44[4]; *State v. Hall*, 687 S.W.2d 924, 927[3] (Mo.App.1985). The evidence must be consistent with guilt and inconsistent with every reasonable hypothesis of innocence. *State v. Brown*, 683 S.W.2d 301, 303[2] (Mo.App.1984). However, the evidence need not show that innocence is an absolute impossibility. *State v. Caldwell*, 698 S.W.2d 566, 573[14] (Mo.App. 1985).

■ Defendant argues that the evidence does not rule out the hypothesis that her husband and/or son was growing marijuana and storing it in the house without her knowledge. If the evidence had consisted only of the bagged marijuana, defendant's hypothesis that she did not know the green leafy substance in the zip lock bags was marijuana would have been more plausible. *See Brown*, 683 S.W.2d at 303 (can infer defendant was aware of the presence of pills openly visible in the car, but cannot infer he was aware of the nature of the pills he believed were his sister's diet pills). The evidence did not consist only of the bagged marijuana, there were also the growing plants, the basement full of equipment for starting plants, and the two plants drying on the back porch. Any hypothesis that defendant was ignorant of the presence of marijuana in and around her home is not credible. *State v. Fullerton*, 684 S.W.2d 59, 61 (Mo.App.1984);

*Hall,* 687 S.W.2d at 927. Likewise, where there is both the finished product and the growing plant any hypothesis that defendant was ignorant of the nature of the plant and its product is not credible. *State v. Franks,* 688 S.W.2d 787, 790[2] (Mo.App. 1985) (from fact of possession can infer knowledge of character of controlled substance).

Defendant also asserts that convictions for both possession and manufacturing result in her being punished twice for the same offense because it would "be impossible to commit the offense of manufacturing marijuana without committing the offense of possession of the marijuana." We disagree.

 Missouri follows the separate or several offense rule under which a defendant can be convicted of more than one violation of the same statute if each offense requires proof of an essential fact not required by the other. *State v. Childs,* 684 S.W.2d 508, 511[3] (Mo.App.1984). The charge of possession of marijuana consists of having knowledge of the presence and nature of that controlled substance. *Caldwell,* 698 S.W.2d at 573[12]. The charge of manufacturing marijuana, on the other hand, consists of promoting the growth of the plant and having an awareness of the plant's character. *Franks,* 688 S.W.2d at 789[1].

Section 195.020, RSMo 1986, makes it "unlawful for any person to manufacture, possess, ... any controlled ... substance...." Manufacture is defined in § 195.010(21), RSMo 1986, as "production, propagation ..." and production is defined in § 195.010(30), RSMo 1986, as "manufacture, planting, cultivation, growing or harvesting...." Thus, the presence of the mature stalk of a marijuana plant, along with evidence that the marijuana had been cultivated and was not a volunteer weed, would support a conviction for manufacturing but not for possession. *See* § 195.010(22), RSMo 1986 (marijuana "does not include the mature stalks of the plant ...").

In this case there were growing plants and other evidence the plants were being actively cultivated, there were also bags of already manufactured and dried marijuana. In law and in fact the manufacturing and possession counts represent separate crimes. *State v. Lulkowski,* 721 S.W.2d 35, 37[2] (Mo.App.1986).

Judgment affirmed.

GARY M. GAERTNER, P.J., and KELLY, J., concur.