STATE of Missouri, Respondent,

v.

Kenny HALL, Appellant.

No. 53703.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 1, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 29, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Timothy J. Walk, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Appellant appeals his conviction for the sale of phencyclidine (PCP), for which he was sentenced to 10 years imprisonment. We affirm.

The evidence introduced at trial revealed the following: Officer Dwight Clinton works undercover as a drug enforcement detective with the St. Louis County Police Department. He testified that on June 2, 1986, he went with an unidentified informant to 9135 Loganberry, Belridge. Clinton had known the informant for approximately 1½ years, had worked with him in the past and considered him "reliable". The informant arranged for Clinton to meet "Kenny Hall" to buy some PCP. Clinton visited that address twice that day. On the first visit, the informant "pointed him [Kenny Hall] out" to Clinton. Clinton was standing approximately two feet away from Hall at the time. There were at least two other people present at the site, both of whom Clinton recognized.

Approximately 30 minutes later, Clinton returned to the address and parked in the driveway. Hall came out to Clinton's car. Clinton remained in his car and told Hall he wanted to purchase some PCP. At least two other people were present. The parties bargained over price and quantity. Hall removed a bottled substance from his pocket and the sale was consummated.

No arrest was made until later, by another officer. The sale took approximately 2–3 minutes to complete. Clinton estimated the seller to be approximately 5'11", with "short" hair. When Clinton returned to the police station, he put the substance in an evidence bag, and transferred it to Bryant Hampton, a chemist at the St. Louis County lab, for analysis. Hampton was scheduled to testify for the State, but was unable to because he was then testifying in a separate matter.

Jerry Orlando, a forensic scientist with the St. Louis County Police Department, testified in lieu of Hampton. He stated that he had been employed with the department for approximately 3½ years, his duties involved testing chemical substances, his credentials included a bachelor's degree in chemistry and experience working with various laboratories. He also testified that he worked with and helped train Bryant Hampton in the testing of controlled substances, and described the procedure used in determining whether a substance is PCP. Orlando then identified the lab report Hampton prepared following the testing of the substance Clinton had purchased. He stated that the individual performing the test has a duty to prepare a report at or near the time of testing. He has control of the records kept at the St. Louis County lab, and that the subject report was in his "care, custody, and control". Defense counsel objected to its proffered admission as a business record, asserting that Orlando was not qualified to testify in support of its introduction into evidence. However, defense counsel expressly stated that there was no objection to the introduction of Hampton's conclusions contained in the report. Orlando then stated that the results of the analysis, as contained in the lab report, indicated that the tested substance was phencyclidine (PCP).

The defense called two witnesses, Icy Lee, appellant's aunt and Lucinda Hall, appellant's mother. Ms. Lee testified that on June 2, 1986, appellant was with his brother, Chancy Hall, who was on leave from the Navy, celebrating Chancy's birthday. Appellant and his brother went to Lee's house around 10:00 or 11:00 a.m., but Lee did not recall them being at her house around 5:30 p.m., the time of the sale.

Ms. Hall testified that appellant and his brother had been at her house several times on June 2; first at approximately 11:00 a.m. and later at approximately 10:30 p.m. She left food on the table for them sometime before 5:30 and it was gone when she awoke sometime after 5:30.

Appellant raises three points. First, that the trial court erroneously refused to submit to the jury appellant's alibi instruction. Second, that the court erred in admitting into evidence the results of the laboratory analysis because the evidence was inadmissible hearsay and the record containing the results did not meet the requirements of § 490.680 RSMo.1986, to qualify as an admissible business record. Third, that the court erred in refusing to require disclosure of the identity of the confidential informant, because the identity of the individual who sold Clinton the drugs was in issue, thus mandating disclosure under *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Appellant asserts that the identity of the seller is in issue, due to the conflicting testimony concerning appellant's appearance and description at the time of the sale.

## I

■ Appellant failed to properly preserve the first point, because he did not set forth the proffered instruction in the "Argument" section of his brief, as required by Supreme Court Rule 30.06(e). *State v. Hoban*, 738 S.W.2d 536, 544 (Mo.App.1987).

■ Moreover, the testimony of appellant's witnesses did not place him at a location other than the scene of the sale at the time the sale was made. On the contrary, Ms. Lee did not recall that appellant was at her house at approximately 5:30

p.m., and Ms. Hall was able to account for appellant's whereabouts at only two times that day, once at about 11:00 a.m. and once at about 10:30 p.m. No alibi instruction will be given unless there is supportive evidence that a defendant was somewhere other than the place of commission during the entire time of commission. The evidence must be sufficient to create a reasonable doubt in the average juror's mind as to defendant's presence at the scene of the crime. *State v. Franklin*, 591 S.W.2d 12, 14 (Mo.App.1979).

## II

■ Appellant's second point is that the trial court erroneously overruled appellant's motion to disclose the identity of the confidential informant. Appellant's contention is that the identity of the individual who sold the drugs is in issue, thus making the disclosure of the informant's identity essential. There are indeed circumstances in which disclosure of the identity of an informant is essential to enable a defendant to adequately establish a defense. The Supreme Court, in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), targeted three situations in which an informant's testimony would be most beneficial to a defendant, thus compelling disclosure: when the identity of the defendant or defendant's package is in issue, entrapment is a possible factor, or when defendant's lack of knowledge of the contents of a package is possible. *Id.* at 64, 77 S.Ct. at 629–630; *State v. Corley*, 639 S.W.2d 94, 95 (Mo.App.1982). More generally, the informant's identity "should be disclosed when fairness to a defendant so requires". This determination of fairness is discretionary with the trial court. *State v. Funkhouser*, 729 S.W.2d 43, 44 (Mo.App.1987). On review we must balance the "relevance of disclosure and importance to the defense against the State's need for nondisclosure." *State v. Amrine*, 741 S.W.2d 665, 671 (Mo. banc 1987); *State v. Sweeney*, 701 S.W.2d 420, 426 (Mo. banc 1985).

■ The latter need is obvious. Protection of the informant from harmful retalia-

tion, the ability to continue to use the informant in future investigations, the insuring of reliability of the promise of confidentiality to other informants are but some of the State's legitimate interests in concealing the identity of an informant. In balancing these needs against the importance of disclosure to the defense, a crucial factor is the role played by the informant in the criminal activity. For example, in *State v. Corley*, 639 S.W.2d 94 (Mo.App.1982), the court held that it was not necessary to require disclosure of an informant in defendant's trial for four separate sales of marijuana. While the informant was present at the initial negotiations prior to the first sale, he was not further involved in any of the sales. Therefore, the informant's identity was not crucial to his defense.

Similarly, in *State v. Sweeney*, 701 S.W.2d 420 (Mo. banc 1985), appellant appealed his conviction for receiving stolen property. One of his points was that the trial court erroneously refused to require disclosure of the confidential informant who introduced an undercover detective to appellant's business partner, because disclosure would have assisted appellant in his entrapment defense. The court held that disclosure was not required, because the informant's only role was to introduce the detective to appellant's business partner, and the partner then referred the detective to appellant, who had indicated an interest in purchasing a watch. The court further reasoned that the "important evidence supporting conviction came during direct contact between the detective and appellant," *Id.* at 427. Because the informant had not been present during dealings between the detective and appellant there was no indication that the informant had any knowledge of any facts relevant to the defense.

In *State v. Yates*, 442 S.W.2d 21 (Mo. 1969), an informant accompanied an undercover police officer to a residence, where the officer purchased drugs from a woman. The next day the two returned and requested to see defendant. The officer purchased drugs from defendant, left and reported the sale to other officers who arrested

Yates. On appeal, defendant asserted that the informant's identity should have been disclosed. The court rejected the assertion, reasoning that although the informant was more than a "mere tipster" because he had witnessed the sale of the drugs, the informant was a mere bystander who "did nothing to promote, participate in or encourage the commission of the crime." *Id.* at 26. The informant did not introduce the officer to defendant, attempt to secure defendant's confidence, actively participate in the crime, and was not the only witness to the crime.

In *United States v. Barnes*, 486 F.2d 776, 778 n. 3 (8th Cir.1973), the court noted a distinction, determinative of the issue in the pending case, between different types of informants: "In cases involving the 'tipster' type of informant, who merely conveys information to the government but neither witnesses nor participates in the offense, courts generally hold that disclosure is not material and therefore not required." The court further noted that one of the key factors for the court to consider is whether the evidence is material to the accused's defense or a fair determination of the cause. *Id.* at 778.

Applying these authorities, we fail to see how disclosure of the informant's identity could have helped appellant's cause. The informant's role was minor at best. He was not present at the time of the sale, so he could add nothing to appellant's position that someone else sold the PCP to Clinton. There is no evidence that the informant instigated the sale. It is apparent that the informant's role was limited to that of a tipster, a reliable tipster according to Clinton's testimony. Moreover, there were other individuals who witnessed the actual sale who might have provided greater detail as to what occurred, a fact the court in *Yates* found significant. As noted in *Corley*, the evidence regarding appellant's identity was sufficiently developed, and the jury simply chose to believe the State's witnesses.

We do not discount the authorities relied upon by appellant, but we find them distinguishable and unpersuasive. In *State v.*

*Davis,* 450 S.W.2d 168 (Mo.1970) there was evidence that the informant, whose identity was concealed in pre-trial discovery but disclosed at trial, was an active participant in the crime. In both *State v. Wandix,* 590 S.W.2d 82 (Mo. banc 1979), and *State v. Nafziger,* 534 S.W.2d 480 (Mo.App.1975), other than the police officer and the defendant, the informant was the only person present throughout the entire transaction. In both cases the court noted that no one other than the informant could have been called by the defendant to refute the officer's testimony. Here, the informant clearly was not a participant and was not present at the time of the sale, although other persons were present. *State v. Edwards,* 317 S.W.2d 441 (Mo. banc 1958) did not mandate disclosure of an informant. Rather the trial court had denied disclosure relying upon Missouri law holding the informant's privilege to be absolute. The Missouri Supreme Court remanded the case for the exercise of trial court discretion in light of the recent opinion of the United States Supreme Court in *Rovario v. United States, supra.* We find no abuse of the trial court's discretion under the facts of the instant case.

### III

The final point involves whether the trial court erred in admitting into evidence the results of the laboratory analysis performed on the substance that Clinton purchased. The gist of appellant's argument is that Orlando had no direct or personal knowledge of the results of the lab test, thus disqualifying him from testifying as to the lab report. We will reverse only for an abuse of discretion. *State v. Graham,* 641 S.W.2d 102, 106 n. 3 (Mo. banc 1982).

Defense counsel expressly waived any objection to the admissibility of Hampton's conclusion that the tested substance was PCP. Therefore, this is not a case where the lab analyst, whose conclusions were introduced into evidence, was required to be independently qualified as an expert as in *State v. Hall,* 750 S.W.2d 637 (Mo.App. 1988) or *State v. Rhone,* 555 S.W.2d 839 (Mo. banc 1977).

Rather, this case involves a garden variety objection to the introduction of a business record, on the basis of the witness' lack of personal knowledge. In order to be admissible as a business record a custodian or other qualified witness must testify as to its identity, mode of preparation, and that it was made in the regular course of business at or near the time of the act, condition or event. § 490.680 RSMo.1986; *State v. Zagorski,* 632 S.W.2d 475, 477–78 (Mo. banc 1982); *State v. Carter,* 670 S.W. 2d 104, 107–108 (Mo.App.1984). There is no requirement that the individual preparing the report testify. Contrary to appellant's assertion, Orlando did testify that he was the custodian of records. Appellant further charged that Orlando was unable to testify as to the particular analysis Hampton used. However, Orlando testified extensively to the mode of analysis used in testing for PCP.

Appellant's point is denied, and the conviction is affirmed.

PUDLOWSKI, C.J., and SIMEONE, J., concur.