**STATE of Missouri, Respondent,**

v.

**Donald BROTHERTON, Appellant.**

**No. 57030.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 18, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1990.

Application to Transfer Denied
Nov. 20, 1990.

Bradley S. Dede, Clayton, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Appellant appeals his conviction of felony possession of a Schedule II controlled substance, §§ 195.020, 195.017.4(1)(d), RSMo.1986 (repealed 1989), and misdemeanor possession of a concealable firearm without a valid permit, § 571.080 RSMo. 1986.[1] He was sentenced to fifteen years imprisonment on the felony count and one year in the Madison County jail and a $1,000 fine on the misdemeanor count. We affirm.

On September 2, 1988, Leroy Baker, owner of The Pig barbecue restaurant, went to the Madison County Sheriff's Department to report that appellant and Timothy Goins were waving firearms at the restaurant. Gary Asher, the sheriff at the time, was aware that there was an arrest warrant for Goins that was still outstanding on that date. Sheriff Asher was also aware that neither appellant nor Goins had firearms permits, as his office issues such permits.

Sheriff Asher, assisted by Deputies Lewis and Bowman, went out to look for appellant and Goins. After checking several places in Fredericktown, Sheriff Asher spotted appellant's Ford Ranger pickup in the parking lot of the Ozark Quik–Shop. He pulled in behind appellant's vehicle. Appellant started to back up, and Sheriff Asher hit the tailgate and yelled at him to stop. Sheriff Asher observed appellant and noticed his eyes were watery and bloodshot with dilated pupils, his face was red and flushed, and he was slow to follow commands. Sheriff Asher felt appellant was intoxicated, although he detected no odor of alcohol and saw no empty cans or bottles. He also saw a .38 semiautomatic pistol on the seat next to appellant's right knee.

Sheriff Asher asked appellant to step out of the truck because of the presence of a gun. Deputy Lewis made the same request of appellant's passenger, who turned out to be Larry Matthews and not Timothy Goins. Deputy Lewis announced he found a .44 caliber gun on Matthews and Sheriff Asher placed appellant under arrest.

The officers next conducted a search of the truck's cab. They found a chrome .357 Magnum in a pouch under the seat on the passenger side, a packet with a white powdery substance in an open area on the dash, a syringe sticking out of a plastic trashbag, a folding pocket knife, a vitamin bottle with liquid inside, and a plastic bag containing tablets. Deputies Bowman and Lewis delivered the packet, the bottle, and the knife to SEMO Regional Crime Laboratory, where tests showed them to be positive for the presence of cocaine, a Schedule II controlled substance.

---

1. The jury found appellant not guilty of two additional counts: unlawful use of a weapon, § 571.030.1 RSMo.1986 and driving while intoxicated, § 577.010 RSMo.1986.

We note at the outset that none of appellant's five points on appeal have been properly preserved. We thus limit ourselves to reviewing for plain error. Rule 30.20; *State v. Loewe,* 756 S.W.2d 177, 180 (Mo. App.1988). Relief under plain error requires appellant to show manifest prejudice affecting substantial rights. *State v. Hornbuckle,* 769 S.W.2d 89, 93 (Mo.banc 1989); *cert. denied,* — U.S. —, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989).

Appellant's first point alleges the trial court erred in admitting into evidence a certified copy of an arrest warrant for Timothy Goins because it constituted guilt by association and placed appellant's character in issue.

■ Appellant has not properly preserved this point because no timely objection was made when the copy of the arrest warrant was introduced. To preserve an objection to admission of evidence, appellant must object when the evidence is sought to be introduced. *State v. Sargent,* 702 S.W.2d 877, 884 (Mo.App.1985). Here, the objection to this evidence came at the close of the state's case when the exhibit was formally offered into evidence. The allegedly damaging evidence had already been presented to the jury without objection through identification of the exhibit and oral testimony concerning it. The objection was untimely. *Id.*

At trial Sheriff Asher testified he was told appellant and Timothy Goins were waving firearms. The state then introduced Exhibit 1, which Sheriff Asher identified as certified copy of a warrant for the arrest of Timothy Goins for possession of marijuana. The warrant was still outstanding on September 2, 1988. The trial court has broad discretion in the admission of evidence and will only be reversed for abuse of discretion. *State v. Oliver,* 729 S.W.2d 560, 563 (Mo.App.1987). The existence of an outstanding warrant for Goins explains Sheriff Asher's conduct in trying to locate Goins and appellant. We find no error plain or otherwise. Point denied.

Appellant's second point asserts trial court error in overruling his motion to suppress evidence and in admitting the seized articles when there was insufficient probable cause to stop appellant. Review of a motion to suppress involves determining whether the evidence is sufficient to support the trial court's decision. *State v. Motley,* 740 S.W.2d 313, 317 (Mo.App.1987). This point is not adequately preserved for review because appellant has failed to provide a transcript of the hearing on the motion to suppress. *State v. Brown,* 744 S.W.2d 809, 812 (Mo.banc 1988); *State v. Franklin,* 755 S.W.2d 667, 671 (Mo.App. 1988). Nevertheless, reviewing the evidence presented at the jury trial, we find no merit to appellant's contention.

■ Appellant's support for the proposition that his stop lacked probable cause lies in two isolated facts. First, Sheriff Asher did not begin to search for appellant and Timothy Goins until approximately an hour after Leroy Baker reported the disturbance at The Pig. Appellant asserts this raises remoteness issues. Sheriff Asher testified he could not leave immediately because he was the only officer in the Department at the time, and he had to stay because there were prisoners out for visitation. Appellant has not directed us to any cases, and our research has not disclosed any, where law enforcement officers are required to immediately pursue suspected felons upon learning of possible criminal activity. The mere fact that an hour or two elapsed between the sheriff's receipt of a report of criminal activity and his stopping of appellant does not invalidate the detention and the related search. *Cf. State v. Clark,* 729 S.W.2d 579, 583 (Mo.App.1987) (defendant subjected to an investigatory stop three hours after a rape occurred).

Second, appellant asserts that once stopped, the officers knew Timothy Goins was not in the truck and therefore their probable cause, that of locating someone named in an outstanding arrest warrant, disappeared. Appellant ignores the fact that the officers were also acting on information that *he* was purportedly waving guns around at The Pig. The reasonableness of a *Terry* stop is measured by the totality of the circumstances and justified where, at its inception, the police have reasonable suspicion grounded in specific and articulable facts, that a felony has been

committed and that the suspect committed it. *State v. Fernandez,* 691 S.W.2d 267, 269 (Mo.banc 1985).

In this case, the officers had specific and articulable reasons for stopping appellant: he was reported to have been involved in flourishing a weapon in public, and was reported to be in the company of someone named in an outstanding warrant. Once properly stopped, the officers had the right to conduct a protective search of appellant and his truck for weapons, especially in a situation where appellant was seen previously with a gun. *See State v. Shearin,* 622 S.W.2d 10, 12 (Mo.App.1981). We find no error. Point denied.

Appellant's third point on appeal alleges error in submitting Instruction No. 8 for the reason that the evidence was insufficient to prove possession and knowledge. This point is not properly preserved for review because none of the instructions are included in the legal file. Appellant has the duty to make sure the record incorporates the basis for a challenged error. *State v. Edwards,* 714 S.W.2d 786, 789 (Mo.App.1986).

Moreover, although his point relied on purports to challenge the instruction, appellant's argument is based upon his contention the evidence failed to show he knowingly possessed cocaine. His claim that the instruction defining "possession" was unsupported by the evidence is, in essence, an argument that the evidence is insufficient to support his conviction. We therefore look at the evidence in a light favorable to the state. *State v. McDonald,* 661 S.W.2d 497, 500 (Mo. banc 1983); *State v. Yancy,* 779 S.W.2d 712, 714 (Mo.App.1989). To support a conviction under § 195.020, the state must show a conscious, intentional possession either actual or constructive, and awareness of the presence and nature of the substance. *State v. Barber,* 635 S.W.2d 342, 343 (Mo. banc 1982). Knowledge and intent to possess an illegal substance is inferable from conduct and mannerisms. *State v. Childress,* 741 S.W.2d 94, 95 (Mo.App.1987). More than mere presence is required when a defendant does not have exclusive control of the premises. *State v. Brown,* 750 S.W.2d 715, 716 (Mo. App.1988). The evidence must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence, but innocence need not be an absolute impossibility. *Id.*

Here, a packet of a white powdery substance later determined to be cocaine was found in an open area of appellant's truck. A pocket knife with cocaine traces was found on the seat. A syringe was found in a plastic litter bag, and a bottle with dissolved cocaine was found behind the driver's seat. This, coupled with the testimony of all three officers that appellant appeared to have been impaired, is sufficient to show possession and knowledge as defined in Instruction No. 8. Appellant testified that he did not know cocaine was in his truck, but the jury was free to disbelieve him. *State v. Garrett,* 765 S.W.2d 314, 315 (Mo.App.1988). No manifest injustice has occurred. Point denied.

In his fourth point appellant asserts the trial court erred in submitting Instruction No. 10 because the evidence was insufficient and at variance with the instruction given. This point is not properly preserved for review because appellant neglected to set out the instruction in full in the argument portion of his brief. Rule 30.06(e); *State v. Hall,* 761 S.W.2d 691, 693 (Mo. App.1988). There is also no copy of Instruction No. 10 as submitted to the jury in the legal file.

Appellant's argument on this point discusses the charge of possession of a concealable firearm without a permit. Appellant in his motion for new trial sets out Instruction. No. 10, which deals with the cocaine possession charge. The motion also sets out Instruction No. 12, the verdict director for the firearm charge. Assuming these instructions were the ones submitted to the jury, we will examine appellant's point using Instruction No. 12.

The salient portions of Instruction No. 12 are:

> ... if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on September 2, 1988, in the County of Madison, State of Missouri, the defendant had in his possession a Mauser–Werke A.G. Oberndorf Model

HSC 380 caliber semiautomatic handgun, a concealable firearm, and

Second, defendant knowingly possessed said concealable firearm, having bought, leased or borrowed it without having applied for or obtained from the Sheriff of Madison County, Missouri a permit to acquire a concealable firearm, then you will find a defendant guilty under Count Three of possession of a concealable firearm without a valid permit.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "concealable firearm" means any firearm with a barrel less than 16 inches in length, measured from the face of the bolt or standing breech.

Appellant's argument is that the instruction varies from the information, which states he knowingly possessed a concealable firearm, "having bought, leased, borrowed, *exchanged, or otherwise received* " the firearm without first obtaining a permit, and additionally there was no evidence in this case that appellant bought, leased or borrowed the gun in issue.

Variance between an information and an instruction is fatal only when the instruction submits a new and distinct offense. *State v. King,* 747 S.W.2d 264, 275 (Mo.App.1988). The omission of the words "exchanged or otherwise received" from the instruction can hardly be characterized as submitting a new and distinct offense. Furthermore, the method of acquisition is irrelevant. The crime of transfer of a concealable firearm without a permit occurs when one somehow receives a concealable firearm for which he did not have a permit. § 571.080 RSMo.1986. The evidence showed appellant had somehow obtained the gun, and that he did not have a permit for it. We find no manifest prejudice here. Point denied.

Appellant's fifth and final point alleges the trial court erred in failing to strike certain jurors for cause. Once again this point is not preserved for appellate review.

The record presented to us fails to show that appellant asserted any objection to any prospective juror. No challenge for cause is reflected in the transcript which, at the conclusion of the voir dire examination, merely states "jury selection proceedings were had in chambers out of the presence and hearing of the jury panel."

Furthermore, the contention asserted in appellant's brief complains of the failure to strike jurors who are related to persons involved in law enforcement. All of the prospective jurors stated without equivocation that this fact would not impair their ability to render a fair and impartial verdict based upon the evidence. "A relationship to a police officer alone is not a basis for challenging a juror for cause." *State v. Hopkins,* 687 S.W.2d 188, 190 (Mo. banc 1985). The fact that the jury acquitted appellant on two of the four counts with which he was charged tends to dispel any notion of manifest injustice because of prejudiced jurors.

Judgment affirmed.

STEPHAN, J., and SIMEONE, Senior Judge, concur.