**STATE of Missouri, Respondent,**

v.

**Edward PAYNE, Appellant.**

No. 45360.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 6, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Oct. 26, 1983.

Dennis Neil Smith, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

A jury convicted defendant of stealing property with a value exceeding $150.00, § 570.030 RSMo 1978. The trial court determined defendant to be a persistent offender and sentenced him to ten years imprisonment. We affirm.

Between 11 p.m. and 8 a.m. on the night of May 25, 1981, the belongings of a family moving across country were stolen from their automobile parked at a motel. Among the items taken were suit cases containing clothing, a calculator, personal

papers, jewelry, radios, certificates of deposit, checks, credit cards and other personal effects. After discovering the theft, the victims immediately notified the police.

That afternoon Officer Johnson of the Pagedale, Missouri, Police Department received a telephone call from an informant who had previously given accurate tips on at least six other occasions. The informant told Officer Johnson two people had tried to sell him credit cards he believed were stolen. The informant gave Officer Johnson a description of the individuals along with the make, model, and license number of their car and said they would be driving east on Page Boulevard shortly.

Officer Johnson waited along Page Boulevard and when he saw the car, he pulled it over. A check of the license number revealed the vehicle to be improperly registered. Defendant, the driver, was arrested and searched. Victims' credit cards and a check were found in a zippered bag under the driver's seat cushion. Defendant's companion in the car escaped but was later apprehended.

Officer Johnson spoke later with the informant. The informant told him stolen items were located in a home at 4428 Evans in the City of St. Louis. He related he had been in the house on Evans and had seen the various items he believed to be stolen.

The next day Officer Johnson, the informant, and two other police officers went to St. Louis to obtain a warrant to search the premises at 4428 Evans. The informant told another officer he knew the items were at that address because he saw two men carrying suit cases into the home. The officer was also told defendant and another man had tried to sell the stolen property in the area of Newstead in St. Louis.

A search of the house at 4428 Evans produced numerous items fitting the description of the property stolen from victims. The woman who admitted the officers to the house identified herself as Peaches Payne, defendant's mother. In the room where the stolen goods were located, the officers found mail addressed to defendant.

Defendant contends the trial court erred in allowing Officer Johnson to testify that Peaches Payne said she was defendant's mother. We agree the statement was hearsay but disagree with defendant's claim that the statement provided a crucial link in the state's case against him. The hearsay statement did not prejudice defendant for he had already linked himself to the house searched by giving 4428 Evans as his address when arrested. Therefore, the error in admitting the testimony was harmless.

Defendant next asserts error by the trial court in overruling his request for disclosure of the name and address of the confidential informant. Generally, the government enjoys a privilege to withhold from disclosure the identity of informants. *State v. Yates,* 442 S.W.2d 21, 25 (Mo.1969). Exceptions to this rule are made when fairness to the defendant so requires, *Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957), but defendant bears the burden of developing a record showing the need for disclosure. *Rugendorf v. United States,* 376 U.S. 528, 535, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964). The trial court's determination that defendant can receive a fair trial without disclosure of the informant is a matter of discretion and is reviewed by weighing the cruciality of the disclosure to the defense against the state's need for nondisclosure. *State v. Corley,* 639 S.W.2d 94, 96 (Mo.App.1982).

The information obtained by the police from the informant may be summarized as follows:

There were two black males trying to sell credit cards to the informant, and they would be driving eastbound on Page Boulevard at around 2:30 p.m. He gave the make, model, and license number of the car. He knew the rest of the stolen items were at 4428 Evans. He had seen the stolen items in the house at 4428 Evans in the last 24 hours. He thought the items were stolen from the victim. He had been in the house at 4428 Evans within the last 48 hours. He had seen numerous items in the back bedroom at 4428 Evans

which was normally defendant's. He described the items in the house. He saw people carrying suit cases into defendant's mother's home at 4428 Evans. He saw some people trying to sell some of the stolen property at a neighborhood business on Newstead. One of the people trying to sell the property at the business at Newstead was defendant. A female and two men stole the items from a car out in the County.

There is no evidence the informant helped set up, witnessed, or participated in the crime itself. The informant merely provided the police with a tip that defendant was in possession of stolen property. Defendant has not shown how the informant's testimony would be relevant to defendant's innocence, how it would avoid the risk of false testimony, or how it would be vital to secure other useful testimony. "In cases involving the 'tipster' type of informant, who merely conveys information to the government but neither witnesses nor participates in the offense, courts generally hold that disclosure is not material and therefore not required." *United States v. Barnes*, 486 F.2d 776, 778 n. 3 (8th Cir.1973).

Furthermore, the confidential informant had provided police with accurate information on at least six prior occasions. The public interest in apprehending criminals is enhanced by the relationship of the informant with the police. Defendant has failed to sustain his burden of showing a great need for the identity of the informant.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.