**STATE of Missouri, Respondent,**

v.

**Lisa SPROUL, Appellant.**

**No. WD 41460.**

Missouri Court of Appeals,
Western District.

March 20, 1990.

K. Louis Caskey, Kansas City, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

Lisa E. Sproul was convicted by a jury of distribution and delivery of cocaine, § 195.020, RSMo 1986, and was sentenced to a term of five years' imprisonment. She raises two claims of trial error on appeal: (1) the overruling of her motion for disclosure of the identity of a confidential informant, and (2) the refusal to instruct the jury on the defense of entrapment. We find no error and therefore affirm the judgment.

The facts of the case, consistent with the verdict of the jury are as follow. On September 3, 1987, undercover agent Roberts was contacted by the confidential informant who stated that a purchase of cocaine from one Wayne Hampton could be arranged. The informant was instructed to proceed. Later that day, Roberts met with the informant, Hampton and one Megan McQuerry. Roberts supplied money which the informant gave Hampton to make the purchase. Hampton indicated he would go to get the drugs and would telephone Roberts to agree on a meeting. Roberts and the informant then went to an apartment to await Hampton's call. The telephone was equipped with a recording device.

Soon the telephone in the undercover apartment rang and the caller was appellant. She engaged in a conversation with Roberts first and then with the confidential informant. The subject was a meeting time and place for delivery of the drugs. It was agreed they would return to the same place where Roberts had met Hampton earlier. A few minutes later, appellant called again to report that they were on their way. Both conversations were recorded.

The meeting then soon followed. Present were Roberts, the informant, Hampton, his father, a Rick Benson, McQuerry and appellant. The meeting place was a restaurant parking lot. Arrangements had previously been made for a police surveillance team to be present, primarily for the protection of officer Roberts. Two officers, Landon and Gonzales, were seated in a car parked in the lot some sixty to seventy yards away from Roberts and the others.

When Roberts and the informant arrived for the meeting, Hampton, his father and Benson were seated in a car and McQuerry and appellant were standing beside the car. The three men got out of the car and appellant motioned for Roberts to get into the car. She was followed by appellant who entered the car and then handed Roberts the drugs.

After the transaction had been concluded and the parties had left, appellant again telephoned the undercover apartment and spoke with the informant saying, in part, "Get your ass home * * * Joe, you were supposed to do some with me. * * * Why can't you come home?"

In her first point, appellant contends the court should either have ordered disclosure of the confidential informant or dismissed the case. She claims disclosure of the identity of the informant was essential to granting her a fair trial because the informant arranged and participated in the sale of the cocaine and his testimony was essential to her defense of mistaken identity.

■ As a general rule, communications made by informers to government officials are privileged and need not be disclosed. *State v. Yates*, 442 S.W.2d 21, 25 (Mo. 1969). The purpose of the privilege is not to protect the informer specifically but to protect and further the public interest in law enforcement by encouraging citizens to communicate their knowledge of the commission of crimes to law enforcement officials. *State v. Taylor*, 508 S.W.2d 506, 511 (Mo.App.1974). Concepts of fundamental fairness create exceptions to the rule in some cases, however, and there are circumstances in which disclosure of the identity of an informant is essential to enable defendant to adequately establish a defense. *State v. Amrine*, 741 S.W.2d 665, 671 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1756, 100 L.Ed.2d 218 (1988); *State v. Hall*, 761 S.W.2d 691, 693 (Mo.App.1988). The determination of whether a defendant can have a fair trial without disclosure of the identity of an informant rests within the sound discretion of the trial court. *State v. Funkhouser*, 729 S.W.2d 43, 44 (Mo.App.1987). In reviewing the trial court's ruling, this court balances the relevance of disclosure and importance to the defense against the state's need for nondisclosure. *Hall*, 761 S.W.2d at 693. It is the burden of the defendant to develop a record showing the need for disclosure. *State v. Payne*, 660 S.W.2d 24, 25 (Mo.App. 1983).

■ There are circumstances in which the need for disclosure of the identity of the informant is more compelling. While some cases have held that where the informant participates in the transaction his identity should be disclosed, participation alone is not enough to require disclosure. *Taylor*, 508 S.W.2d at 512. Where there is participation plus other factors such as mistaken identity, contradictory testimony, denial of the accusation or where the informant is the sole witness, then for purposes of fairness, the identity *may* be required to be disclosed. *Id.* (Emphasis added). Other instances where the courts have tended to require disclosure are when the informant is the sole participant, other than the accused, in the drug transaction charged and the informant is the only witness in a position to be called on behalf of the defendant, *State v. Nafziger*, 534 S.W.2d 480, 483 (Mo.App.1975); where the testimonies of the state and defense witnesses are contradictory as to whether defendant committed the crime charged, *id.;* and where mistaken identity of the defendant is a possibility, *State v. Wandix*, 590 S.W.2d 82, 85, 86 (Mo. banc 1979).

■ In this case, the court did not err in denying appellant's motion for disclosure. The ruling was correct for several reasons.

We first observe that appellant failed to develop a record requiring disclosure. The record does not establish that had the informant's whereabouts been disclosed when requested he would have been able to testify, nor does anything in the record even indicate the state knew the informant's whereabouts. *See State v. Funkhouser*, 729 S.W.2d at 45. Moreover, although the parties in their briefs do not discuss the relationship between the appellant and the informant, the content of the recorded conversations indicates that appellant and the informant were acquainted and even intimate. Appellant knew the informant's name and where he lived. The telephone calls recorded were made by the appellant *from* the informant's apartment. To have the state name him and say in a formal disclosure that he was the confidential informant who figured in arranging the drug sales would have given appellant nothing she did not already have. *See State v. Younger*, 633 S.W.2d 161, 162 (Mo.App.1982). Although counsel claimed in oral argument that appellant could not locate the witness, there is nothing in the record to show that efforts were made to find the informant or that he was unavailable to the appellant before or during the trial.

Second, even if the appellant had met her burden of establishing the need for disclosure, this is not a case where the facts require disclosure. The appellant and the informant were not the sole participants in this crime. The informant arranged the initial meeting between officer Roberts and Hampton. Appellant and McQuerry were present at that introduction. When the actual drug transaction took place, three other people were present in addition to the officer, appellant and the informant. Appellant called none of those persons to testify and as for her reason for not doing so simply surmises none would have agreed to testify. There is nothing in the record to support that supposition.

Appellant also argues that testimony by the officers comprising the surveillance team created the possibility of mistaken identity thereby emphasizing the need for disclosure of the informant's identity. Officer Gonzales, whose duty it was to record the observations by officer Landon, did not himself see what occurred. Officer Landon had never seen appellant or Hampton before that day, the events took place at dusk in poor light conditions and appellant and Hampton had similar characteristics including shoulder length hair. Officer Roberts, however, was certain and unshakable in her identification of appellant as the person who gave her the drugs. That identification together with the other evidence that it was appellant who called the informant to confirm the sale and who made the arrangements for the meeting render the claim of mistaken identity implausible. The court did not err in refusing to compel disclosure of the identity of the confidential informant.

In the same point, appellant claims the trial court erred in playing the taped telephone conversations between the confidential informant and appellant for the jury without defendant having the opportunity to cross-examine the informant, thus violating her constitutional right to confront witnesses against her. In effect, appellant argues the informant's statement was hearsay and therefore inadmissible. In *State v. Moiser*, 738 S.W.2d 549, 556 (Mo. App.1987), the defendant also alleged that tape recorded conversations about a drug transaction between a government informant and the defendant were inadmissible hearsay. The court held the statements were admissible as declarations against interest and the statements of the informant were also admissible being necessary "to obtain the full meaning and significance of defendant's declaration." That is the case here.

Finally, appellant claims in her first point that the trial court erred in allowing officer Roberts to testify regarding the meaning of certain "drug terms" used by appellant during the telephone conversations with the informant. This issue was not raised in appellant's motion for new trial or in her point relied on and was ultimately received at trial without objection. It is not properly preserved for re-

view, *see State v. Adams,* 741 S.W.2d 781, 785 (Mo.App.1987); *State v. Cole,* 753 S.W.2d 39, 41 (Mo.App.1988); *State v. Pittman,* 731 S.W.2d 43, 47 (Mo.App.1987). Overlooking these procedural defects, the argument still must fail. The determination of whether a witness is qualified to give particular testimony rests largely within the discretion of the trial court. *State v. Taylor,* 508 S.W.2d at 514. Here the prosecutor questioned the witness concerning her background in law enforcement and her experience in the narcotics division. With that foundation laid, the prosecutor then questioned the witness about the meaning of the drug terms presented on the tape and her testimony was received without objection. There was no error by the trial court in allowing in such evidence.

 In her second point relied on, appellant claims the trial court erred in refusing to allow her to submit to the jury an entrapment instruction. Only when substantial evidence of entrapment has been established does the entrapment issue become an element of the offense upon which the court must instruct the jury. *State v. Disandro,* 574 S.W.2d 934, 935–36 (Mo.App.1978). Missouri uses the subjective test of entrapment, i.e., the question considered is whether the defendant's criminal conduct was caused by the creative conduct of the officer or by the defendant's own predisposition. *State v. Willis,* 662 S.W.2d 252, 254 (Mo. banc 1983). The accused is entrapped only if the agent acting for law enforcement authorities induces the accused to engage in conduct of a criminal nature when the accused was not ready and willing to engage in such conduct. *State v. Dunagan,* 772 S.W.2d 844, 856 (Mo.App.1989). To raise the defense of entrapment, the defendant has the burden of showing by substantial evidence, both the government's inducement to engage in the criminal conduct and his own lack of willingness to engage in the conduct. *State v. Worstell,* 767 S.W.2d 352, 353 (Mo. App.1989). Once the defendant meets that burden, the state has the burden of proving lack of entrapment beyond a reasonable doubt. *Id.*

There was no evidence of entrapment in this case. For her argument, appellant relies on the following recorded exchange between the informant and the appellant:

CI: Oh well, drop it off to me and then I want you to go back down to my house and then I'll come pick you up.

Lisa: No, no, no, no ——

CI: Yes, yes, yes, it's the only way I can ... ?

The exchange has nothing to do with inducing the sale but only goes to arranging a convenient "transaction site." Appellant's predisposition to distribute the drug is made abundantly clear in her conversation with the informant. Appellant's second point is meritless.

The judgment is affirmed.

All concur.