**STATE of Missouri, Respondent,**

v.

**Gerome KING, Appellant.**

**Gerome KING, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 45461, WD 45476 and WD 47131.**

Missouri Court of Appeals,
Western District.

Nov. 23, 1993.

---

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

A jury convicted Gerome King of drug possession and of trafficking drugs in the second degree. Consistent with the jurys recommendation, the trial court sentenced him to two consecutive 15–year prison terms. King later filed a motion pursuant to Rule 29.15 for post-conviction relief, but the trial court denied it. King appeals his convictions and the denial of his Rule 29.15 motion. We affirm.

The evidence, viewed in a light most favorable to conviction, *State v. Clifford,* 815

S.W.2d 3, 5 (Mo.App.1991), establishes that one of the convictions arose out of a traffic violation on June 22, 1990, in Kansas City. A police officer saw King's car hit a bump at high speed and cross the center line. The officer stopped King's car. As he walked up to the driver's window, he saw a small plastic bag containing several cocaine "rocks." King had his hand over the bag and was pushing it into a space between the car's front seats. King was carrying $1058 in cash.

The other conviction arose out of a police investigation on July 13, 1990, of a report that property taken in a robbery was stored in a motel on Kansas City's south side. Officers had three suspects in custody when they received the information that the property was stored in Room 15 of the motel. Robbery victims told the officers that they had seen the three suspects take the property to the room and leave without it. They said that they had seen other individuals in the room. They said that when they had attempted to retrieve their property from the room, a black man had pointed a gun at them and ordered them to leave.

Officers went to that room and knocked on the door. A woman opened the door and consented to the officers' entering the room. King jumped out of the bed fully clothed. One of the officers recognized him as a "known drug dealer" who carried weapons. Officers saw a bulge in King's pants pocket. They pointed their revolvers at him. One of the officers ordered King to assume a "spread eagle" position and frisked him for weapons. The other officer left the room. During the frisk, the officer found a plastic bag containing cocaine, marijuana, and a large roll of money in King's pocket. Officers did not find stolen property in the room.

█ King raises four points of error on appeal. He did not preserve any of them below. For us to consider the points, we must conclude that they constitute plain error. Rule 30.20 provides that we may consider "plain errors" in a criminal appeal if they affect "substantial rights" and when "manifest injustice or miscarriage of justice

has resulted therefrom." Rule 84.13(c) provides that we may consider "plain errors" in a civil appeal, such as an appeal of a denial of a Rule 29.15 motion, but only under the same circumstances of substantial rights being affected and manifest injustice resulting. Plain error is evident, obvious and clear error. *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992).

█ In his first point, King complains that the cocaine, marijuana, the cash taken from his pocket on July 13, and the incriminating statement he gave police were fruits of an unlawful search and should have been suppressed. We do not find plain error. The officers testified that they received permission to enter the room. They said that they frisked King after they saw a bulge in his pants pocket. The officer who frisked King testified that he did not know what the lump was and ordered him to empty his pockets. From the information that the officers received from the robbery victims and their own personal knowledge, the officers had a reasonable suspicion that King was engaged in criminal activity and might be armed with a deadly weapon. See *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

█ In his second point, King complains that the trial court should not have permitted the state to present the expert testimony of a police detective concerning cocaine. The state showed the detective paraphernalia taken from King on July 13 and asked him "what [it] would indicate to [him.]" The detective answered, "This would be consistent with someone who is either involved in distribution, taking drugs from one place to another, or actually involved in selling the drugs themselves." A trial judge has much discretion in determining whether expert testimony is appropriate. *State v. Jordan*, 751 S.W.2d 68, 78 (Mo.App.1988). That the trial judge abused his discretion is not obvious to us; we do not discern plain error.

█ In point three, King asserts that the motion court erroneously denied his Rule 29.15 motion because he established that his

attorney at trial was ineffective. He protests that his attorney did not interview or call as witnesses the woman who let officers into the motel room or his employer. His attorney testified that she did not interview the woman because the public defender's investigators searched for the woman and were unable to find her. King disputed this, but the motion court was not required to believe King's testimony. We must defer to the motion court's determination of credibility. *Proctor v. State,* 809 S.W.2d 32, 36 (Mo.App. 1991). King also wanted his employer to testify that he had given King the money officers found in his car for deposit in the employer's bank account. King's attorney explained why she did not call the employer to testify:

> Mr. King testified very well about where he was employed, about where he was— had been that day and that evening and where he was going, and testified, I believe, that he was the manager for a restaurant and that he had closed up and he was on his way to the bank for to make the deposit, and that was the reason he had the money on him.

We presume that counsel's decision not to call a witness is a matter of trial strategy and not the basis for overturning a conviction unless the movant clearly establishes otherwise. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984); *Odom v. State,* 783 S.W.2d 486, 487–88 (Mo.App.1990). From the attorney's testimony, we conclude that the matter clearly was one of trial strategy.

Finally, King correctly complains that he was sentenced as a prior offender under § 558.019, RSMo Cum.Supp.1992, although the state did not charge him as a prior offender under that section or establish that he had served a prison term of at least 120 days. The state charged King as a prior offender under §§ 558.016 and 557.036.4, RSMo Cum.Supp.1992. The information charged that "[o]n or about November 16, 1984, defendant pled guilty to the felony of Stealing Over $150 in Division 7 of the Circuit Court of Jackson County, Missouri." Although the state did not charge King under

§ 558.019 or present any evidence pursuant to § 558.019, the trial court's judgments found King to be "a prior offender pursuant to the provisions of Section 558.019, RSMo." The state confesses error. The error may be corrected nunc pro tunc. *State v. Anthony,* 857 S.W.2d 861, 869 (Mo.App.1993). We affirm King's convictions, but we remand the case with instructions that the trial court enter an order nunc pro tunc correcting the written judgments to remove all references to King's status as a prior offender under § 558.019 and to refer, instead, to §§ 558.016 and 557.036.4.

All concur.