**STATE of Missouri, Respondent,**

v.

**Jacob L. GRAY, Appellant.**

**Nos. WD 49756, WD 51017.**

Missouri Court of Appeals,
Western District.

April 23, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 28, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Patrick Berrigan, Asst. Public Defender, Kansas City, for Appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

Before HANNA, P.J., and SMART and ELLIS, JJ.

HANNA, Presiding Judge.

The defendant, Jacob L. Gray, was convicted, by a jury, of one count of the sale of a controlled substance, § 195.211, RSMo 1994, and sentenced to ten years imprisonment as a prior drug offender and a class X offender. He appeals from his conviction and from the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.

The facts viewed in the light most favorable to the conviction are as follows. On July 28, 1993, Officer Wood, while working undercover with the Kansas City Police Department's Street Narcotics Unit, went with a confidential informant to an apartment building to attempt to purchase narcotics.

When Officer Wood and the informant got to the building they climbed a flight of stairs leading to a front door that opened into three separate apartments. He knocked on the common front door and saw the defendant approach the door from a first-floor apartment. He told the defendant that he wanted to buy $40 of crack cocaine. The defendant told him that he could get it for him, but that he would have to go somewhere else to get it.

Officer Wood and the informant started to leave. The defendant then yelled at them to come back. They did and the defendant produced a little plastic bag containing a beige rocklike substance. Officer Wood and the informant paid for the drugs and left. Tests showed that the substance contained cocaine base.

On August 6, 1993, Officer Wood immediately selected the defendant's picture from an array of photographs shown to him by another officer. Officer Wood said that he had suspected that the seller's name was Jacob Gray because he had seen a note near the mailboxes on the second floor that read, "Don't bother us on the second floor. We do not sell dope. Jacob Gray does not live here."

At trial, the defendant testified that he lived in one of the first-floor apartments. He denied selling drugs to Officer Wood. The defendant testified that he was addicted to crack cocaine, but that he did not sell drugs. The defendant testified that he got the drugs that he used from his girlfriend, who was also addicted to crack cocaine. He conceded that he had five felony convictions, one of which was for the sale of a controlled substance. The defendant appeals from his jury conviction of one count of the sale of a controlled substance.

█ In his first point, the defendant contends that the trial court erred in overruling his "Motion to Require State to Disclose the Identity of Informant," which the defendant filed the day before trial. He argues that the informant was an eyewitness to the alleged transaction and was a crucial witness to the defense because he might have supported the defendant's claim of mistaken identity.

█ The state asserts that there is no reason for us to reach the merits of this point because the motion was not filed within the time limits of Rule 25.02, which requires that "[r]equests or motions for discovery shall be made not later than twenty days after arraignment in the court having jurisdiction to try the offense charged." It is desirable that such motions be filed within the time constraints of Rule 25.02 to avoid delay, surprise, and confusion. *State v. Wandix*, 590 S.W.2d 82, 84 (Mo. banc 1979), *cert. denied,*

445 U.S. 972, 100 S.Ct. 1665, 64 L.Ed.2d 248 (1980).

The motion was filed in open court the day before trial. However, the state did not oppose the *motion on grounds of timeliness* at that time. There is nothing that indicates that the motion was overruled because it was not timely filed. Under these circumstances, the state's argument is without merit. *See id.* However, there are two problems with the defendant's allegation of error. First, the motion's allegations are not self-proving and require evidence to support them. Second, even if the allegations are accepted as true, they fail to establish that the trial court's denial of the motion was an abuse of discretion.

The defendant's motion requested disclosure of the informant's identity based upon the following grounds:

(1) That Defendant is charged with the Sale of a Controlled Substance to an undercover officer.

(2) That the Defendant denies making any sale of drugs at the time and place alleged.

(3) That Confidential Informant # 3660-4 was allegedly present at the alleged sale and is a necessary witness to the Defense.

No evidence was presented to the trial court in support of this motion, presumably because the defendant did not request a hearing. The defendant merely filed his motion "in open court" and dropped the matter. ▮▮▮ Generally, the rule is that communications made by informers to government officials are privileged and need not be disclosed. *State v. Hill,* 890 S.W.2d 750, 753 (Mo.App.1995). The privilege of communications made by informants to the government has been described as a fundamental principle of privilege and must be recognized "because such communications ought to receive encouragement, and because that confidence which will lead to such communications can be created only by holding out exemption from a compulsory disclosure of the informant's identity: ..." *State v. Edwards,* 317 S.W.2d 441, 446 (Mo. banc 1958), *citing* 8 WIGMORE, EVIDENCE, § 2374 (3d ed. 1940).

This rule was recognized in *Roviaro v. United States,* 353 U.S. 53, 59–62, 77 S.Ct. 623, 627–29, 1 L.Ed.2d 639 (1957). The privilege is well established, and its soundness cannot be questioned. *Edwards,* 317 S.W.2d at 446; 8 WIGMORE, EVIDENCE § 2374. The purpose of the privilege is to protect and further the public interest in law enforcement by encouraging citizens to communicate their knowledge of the commission of crimes to law enforcement officials. *Hill,* 890 S.W.2d at 753. The privilege is founded upon public policy—the public interest in effective law enforcement. *State v. Yates,* 442 S.W.2d 21, 25 (Mo.1969).

▮▮▮ However, concepts of fundamental fairness create exceptions to the rule, as there are circumstances in which disclosure of the identity of the informant is essential to enable a defendant to adequately establish a defense. *State v. Amrine,* 741 S.W.2d 665, 671 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1756, 100 L.Ed.2d 218 (1988). Whether a defendant can have a fair trial without disclosure of the identity of an informant rests within the sound discretion of the trial court. *Hill,* 890 S.W.2d at 753. In reviewing a trial court's ruling on a discovery issue, this court must balance the relevance and importance of disclosure to the defense against the state's need for nondisclosure. *State v. McElroy,* 894 S.W.2d 180, 186 (Mo. App.1995).

▮▮▮ In balancing the state's need for confidentiality against the importance of disclosure to the defense, a crucial factor is the role played by the informant in the criminal activity. *Hill,* 890 S.W.2d at 753. Here, the informant was present at the sale. Although participation is a major factor for the trial court to consider, participation alone does not mandate disclosure. *State v. Sproul,* 786 S.W.2d 169, 171 (Mo.App.1990). When there is active informant participation plus other factors, such as mistaken identity, contradictory testimony, or a denial of the accusation, or when the informant is the sole witness to the crime charged, then the identity of the informant *may* be required for purposes of fairness. *Hill,* 890 S.W.2d at 753 (emphasis added).

■ Because the courts of this state have recognized that there exists a privilege founded on public policy, but that this privilege is not absolute in that it must be balanced against the real and substantial prejudice to the defendant, the burden of overturning the public policy lies with the defendant. *Rugendorf v. United States,* 376 U.S. 528, 535, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *State v. Payne,* 660 S.W.2d 24, 25 (Mo.App.1983).

Here, the defendant did not develop any evidence with reference to the merits of the motion's allegations. The defendant did not request a hearing on the matter and, from our review of the record on appeal, failed to even present an argument in favor of his motion. He did not object when the state presented testimony from Officer Wood that a confidential informant was with him when he bought the drugs. Furthermore, the defendant did not renew his motion at any time during trial. A careful examination of the whole record shows that the defendant failed to develop a record supporting his burden of proving the need for disclosure. *Rugendorf v. United States,* 376 U.S. at 535, 84 S.Ct. at 829; *State v. Sproul,* 786 S.W.2d at 171–72; *State v. Payne,* 660 S.W.2d at 25. We can hardly convict the trial court of an abuse of discretion on this record.

■ A determination as to whether disclosure of the informant is necessary for a fair trial can be made without a hearing, if the trial court is possessed of sufficient information on the record. *State v. Johnson,* 539 S.W.2d 493, 511 (Mo.App.1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). The defendant's pretrial motion did not allege that the informant was the only other witness to the alleged transaction or that the informant was the only witness who could have supported the defendant's defense. It also did not allege that the defendant was relying on the defense of mistaken identity. Further, the motion did not establish that if the informant's whereabouts had been disclosed the day before trial, he would have been available to testify. *Sproul,* 786 S.W.2d at 172. Nor does anything in the

motion (or record) indicate that the state knew of the informant's whereabouts, *id.*[1], or, that the defendant had tried to locate the informant, or that he was unavailable to the defendant before or during the trial. *Id.* Finally, the record does not establish that the defendant did not know the identity of the confidential informant. *See State v. Shannon,* 892 S.W.2d 761, 764–65 (Mo.App. 1995). In fact, a close examination of the record indicates that the defendant may have known the informant, in light of Officer Wood's testimony that it was the informant who introduced him to the defendant. The defendant failed to allege the basis establishing his need for the informant's name, *id.* at 753–54, and we hold that the trial court did not err if it based its decision solely on the allegations in the motion.

■ Finally, the defendant briefly states that the trial court should have at least offered an *in camera* hearing to be assured that the confidential informant would not have been able to provide helpful, relevant testimony. However, this argument is not presented for appellate review in that the defendant never requested such a hearing and did not mention this matter in his motion for a new trial. *State v. Nelson,* 597 S.W.2d 250, 251 (Mo.App.1980). Trial courts are not to be convicted of error for reasons not presented to them and mentioned for the first time on appeal. *Id.* The trial court did not err in denying the defendant's motion to disclose.

In his second point, the defendant contends that the trial court erred in failing to exclude, *sua sponte,* certain evidence, which, he argues, all portrayed him as a drug dealer. First, he complains that Officer Wood testified about "other crimes" evidence when he testified that the police computer listed the defendant's residence as a drug house based upon the complaints of community citizens. Defendant next complains that Officer Wood's testimony that a confidential informant is someone within the community who wants to help with the drug problem and who knows where the drug dealers and houses

---

1. These factors of availability of the informant's whereabouts take on added significance when the motion for disclosure is filed within 24 hours of the commencement of trial.

are located was evidence of "other crimes." The third claimed error was Officer Wood's testimony concerning a handwritten note near one of the mailboxes, which read, "Don't bother us on the second floor. We do not sell dope. Jacob Gray does not live here." This evidence was offered to explain that he had asked the officer who prepared the photo array to include the defendant's photograph because he had seen this note.[2] Finally, the defendant asserts that the court erred in permitting the state to argue, during its closing, that the defendant sold drugs to support his drug habit.

 Trial counsel did not object to these evidentiary matters or the closing argument. On appeal, the defendant does not argue that any of these statements or the argument amounted to plain error. Therefore, the defendant is left to argue ineffective assistance of counsel. *State v. Tokar,* 918 S.W.2d 753 (Mo. banc 1996). Trial judges are not expected to assist counsel in trying their case. *State v. Radley,* 904 S.W.2d 520, 524 (Mo.App.1995). A defendant will not be heard to complain on appeal about a trial court's failure to take some action that was never requested. *State v. Burgess,* 800 S.W.2d 743, 746 (Mo. banc 1990). Point denied.

In his final point, the defendant asserts that the motion court erred in denying his Rule 29.15 motion for post-conviction relief, in which the defendant alleged that his trial counsel had been ineffective in that he did not object to the evidence of other crimes set forth in his second point.

 The ineffective assistance of counsel claim presented here is far broader than the claim presented in the defendant's Rule 29.15 motion. In his post-conviction motion, the defendant alleged ineffective assistance of counsel for failure to object to evidence of other crimes only as to Officer Wood's testimony concerning the computer system. Consequently, the portion of the defendant's argument challenging counsel's failure to object to evidence of other crimes not listed in

his Rule 29.15 motion presents nothing for appellate review. On appeal, the defendant is limited to those claims of ineffectiveness raised and litigated in his *pro se* or amended post-conviction motion. *Stephens v. State,* 864 S.W.2d 944, 946–47 (Mo.App.1993).

 As to Officer Wood's testimony concerning the computer system, it was merely used to explain why he and the informant went to the apartment building in which the defendant lived. He did not testify that the defendant's apartment was a suspected drug house, but only that the building, which had several tenants, was a suspected drug house. The defendant himself testified that there was drug activity in that building. Officer Wood did not mention the defendant in connection with this general background information. At most, this evidence consisted only of vague and indefinite remarks and did not refer to a specific crime. *See State v. Varvera,* 897 S.W.2d 198, 201 (Mo.App.1995). It was not clear evidence associating the defendant with other crimes. *State v. Hornbuckle,* 769 S.W.2d 89, 96 (Mo. banc), *cert.denied,* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). The defendant did not meet his burden of showing that the evidence actually constituted evidence of an uncharged crime. *See State v. Simms,* 859 S.W.2d 943, 945 (Mo.App.1993). Furthermore, the motion court correctly concluded that the defendant did not demonstrate prejudice resulting from this testimony given the defendant's own testimony that there was drug activity around the building. Point denied.

The judgment is affirmed. However, we remand the case for an entry of an order *nunc pro tunc* under Rule 29.12(c) to correct an error in the trial court's judgment. *See State v. Winters,* 900 S.W.2d 636, 641 (Mo. App.1995); *State v. King,* 865 S.W.2d 845, 848 (Mo.App.1993). In the written judgment, the trial court found the defendant to be a prior, persistent, class X offender. However, the transcript reveals that the defendant was charged as, and the court found him to be, a prior drug offender. The trial court's written judgment should be corrected

---

**2.** Officer Wood did not testify as to the content of the note until he was recalled as a defense witness and the defense attempted to show that the

defendant's name was not on the mailbox as he had testified on direct.

to accurately reflect that the appellant was sentenced as a prior drug offender, §§ 195.275, 195.291.1, RSMo 1994, and as a class X offender, § 558.019, RSMo 1994. *See Winters,* 900 S.W.2d at 641.

We therefore affirm the judgment but remand for the entry of an order *nunc pro tunc* to reflect that the defendant was found to be a prior drug offender and a class X offender.

SMART and ELLIS, JJ., concur.