STATE of Missouri, Respondent,

v.

Jason M. JONES, a/k/a Jason M. Hilburn, Appellant.

No. SD 34514

Missouri Court of Appeals, Southern District, Division Two.

Filed: August 7, 2017

Jedd C. Schneider, Columbia, MO, for appellant.

Joshua Hawley, Attorney General, and Robert J. Bartholomew, Jr., Assistant Attorney General, Jefferson, MO, for respondent.

WILLIAM W. FRANCIS, JR., J.

A jury convicted Jason M. Jones ("Jones") of the class B felony of the sale of a controlled substance. Jones was sentenced as a prior and persistent offender to 20 years in the Department of Corrections. This appeal followed. We affirm the trial court's judgment.

### Factual and Procedural History

Jones does not challenge the sufficiency of the evidence to support his conviction. Accordingly, we set forth only those facts necessary to address Jones' point, and such other evidence as may be helpful for context. Regardless, for purposes of review, we view the evidence in the light most favorable to the jury's verdict. *See, State v. Newberry,* 157 S.W.3d 387, 390 (Mo. App. S.D. 2005).

Officer Travis Templemire ("Officer Templemire"), an eight-year veteran with the Missouri State Highway Patrol, was assigned in 2012 to work with the Southeast Missouri Drug Task Force in Butler County primarily doing undercover drug investigations. These undercover operations frequently involved the use of a confidential informant. From 2012 to 2014, Officer Templemire used approximately ten different confidential informants, one being C.W.

On September 9, 2014, Officer Templemire contacted C.W. to arrange a drug buy. C.W. knew of someone who could arrange the drug sale and he contacted Rene' Riley ("Riley"). Officer Templemire and C.W. drove to a residence in Poplar

Bluff to meet with Riley to complete a transaction.

At the residence, Riley was standing in front of the house. Officer Templemire observed a vehicle backed into the driveway with a white male in the driver's seat (later identified as Jones), and a white female in the passenger seat (later identified as Riley's sister Erin). Officer Templemire pulled up to the driver's side of Jones' vehicle, and he and C.W. exited his vehicle. Officer Templemire walked up to Jones and told him "what [he was] wanting" and that he had $100 to spend. Jones took a digital scale and placed it on the center console between himself and his passenger. Jones placed a baggie on the scale, whereupon Officer Templemire told Jones that he could not read the scale. Jones told Officer Templemire that the scale read "1-0," which indicated one gram of methamphetamine. Officer Templemire agreed to purchase the product, and Jones handed Officer Templemire the baggie in exchange for the $100.

Following the transaction, Officer Templemire and Jones discussed exchanging phone numbers and possible discount pricing if Officer Templemire bought a larger quantity, or could "move methamphetamine for [Jones]."

After Jones and Erin drove off, Officer Templemire gave Riley $10 for setting up the buy. Officer Templemire and C.W. then left. The entire transaction had been recorded by audio and video. The baggie Jones sold to Officer Templemire was later found to contain methamphetamine.

On June 5, 2015, Jones was indicted by a grand jury for the sale of a controlled substance; a warrant was issued for his arrest.

On November 2, 2015, Jones filed a "Motion for Continuance" of the November 17, 2015 trial date to allow sufficient time to coordinate and take the depositions of Officer Templemire and C.W. The trial court sustained the motion and reset the jury trial for December 2, 2015.

On November 8, 2015, Jones filed a "Motion for Disclosure of Informant," asserting that disclosure of the identity and location of the confidential informant was imperative "to a fair determination of the cause[,]" since such disclosure would permit Jones to adequately prepare the prospective defenses of mistaken identity and/or entrapment. There is no indication from the docket sheet that the motion was argued before, or ruled on by the trial court.[1] However, Jones notes in his brief that:

1. The docket sheet yields the following timeline on Jones' motion for disclosure:

| November 8, 2015 | "Motion to Disclose Identify [sic] of Informant" filed by Jones' counsel. |
|---|---|
| November 9, 2015 | Motion hearing scheduled for November 10, 2015. "Court reviews Motion For Disclosure Of Informant." |
| November 10, 2015 | Hearing held, "case continued to 11/17/15[.]" |
| November 17, 2015 | Hearing held, "case continued to 11/24/15 for further Pretrial Conference." |
| November 24, 2015 | Hearing held, "case continued to 12/01/15 for further Pretrial Conference." |
| December 1, 2015 | A pretrial conference was held. [No mention of a ruling on Jones' Motion for Disclosure.] |
| December 2, 2015 | Pre-trial conference held. [No mention of a ruling on Jones' Motion for Disclosure.] Jury Trial Conducted. |

However, the State implicitly concedes that, "[a]s noted in [Jones'] brief, there is no specific record in the legal file or an indication on the docket sheets as to the trial court's ruling

Trial counsel for Mr. Jones and the Butler County Assistant Prosecuting Attorney, both of whom litigated the majority of this case, have stipulated that Mr. Jones' Motion for Disclosure of Informant was argued before the trial court at various times on November 10, 17, 24 and December 1, 2015 and that the trial court overruled Mr. Jones' motion. However, as of the filing of this brief, undersigned counsel has not yet received the final, signed stipulation, but expects to receive such from trial counsel and the prosecutor very soon. Upon receipt, the undersigned will supplement Mr. Jones' Legal File with this document.

No such stipulation has been filed with this court as part of the record on appeal.

On November 16, 2015, an "Information in Lieu of Indictment" was filed charging Jones, as a prior and persistent offender, with the class B felony of sale of a controlled substance, in violation of section 195.211,[2] by knowingly selling methamphetamine to Officer Templemire.

On November 19, 2015, Jones filed a notice to take the depositions of Officer Templemire and C.W., to take place on November 23, 2015, at 1:00 p.m., at the offices of the public defender in Poplar Bluff.[3] The record is silent as to whether those depositions actually took place.

A jury trial commenced on December 2, 2015. The only witness to testify was Officer Templemire. The video and audio of the drug transaction was admitted into evidence as Exhibit 2, and was played for the jury.[4] Jones did not testify or present any evidence. The jury convicted Jones of the sale of a controlled substance. Having previously found Jones to be a prior and persistent offender, the trial court sentenced Jones to twenty years' imprisonment.

On December 17, 2015, Jones' filed a "Motion for New Trial." The motion made no reference to the trial court's ruling on Jones' Motion for Disclosure of Informant. The motion for new trial was overruled. This appeal followed.

In his sole point on appeal, Jones argues that the trial court plainly erred in overruling Jones' Motion for Disclosure of Informant, in that Jones established that the identity and location of the confidential informant at issue was relevant to his defense.

The issue for our determination is whether the trial court plainly erred in denying Jones' Motion for Disclosure of Informant.

### Standard of Review

Because Jones did not raise the issue under review at trial, or include it in

---

on [Jones'] motion, but that the trial court overruled [Jones'] motion." Because both parties to this appeal concede the fact of the trial court's adverse ruling on Jones' motion, we accept that fact for purposes of this appeal. *See* ***State ex rel. Suitor v. Stremel***, 968 S.W.2d 221, 222 n.2 (Mo. App. S.D. 1998) ("Where the parties agree in their briefs concerning a fact, ... this [C]ourt may consider it as though it appeared in the record.").

2. We note that section 195.211 was modified in 2014 and renumbered 579.055. All other references to statutes are to RSMo 2016, unless otherwise indicated.

3. The notice of deposition actually listed C.W.'s full name, which was known to Jones.

4. Exhibit 2, the audio and video of the drug transaction, was not filed with this Court as part of the record. When an exhibit is omitted from the record on appeal and is not deposited with the appellate court, "its intendment and content will be taken as favorable to the trial court's ruling and as unfavorable to the appellant." *State v. Hawkins*, 328 S.W.3d 799, 810 n.3 (Mo. App. S.D. 2010) (internal quotation and citation omitted).

a motion for new trial, Jones concedes that our standard for review is plain error under Rule 30.20.[5]

Rule 30.20 provides that, whether the alleged errors are briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the error has resulted in manifest injustice or miscarriage of justice. In applying plain error review, this Court frequently uses a two-step inquiry. First, the Court must determine whether the claimed error is, in fact, plain error affecting substantial rights. Substantial rights are involved if, facially, there are significant grounds for believing that the error is of the type from which manifest injustice or miscarriage of justice could result if left uncorrected. An error is plain if it is evident, obvious, and clear.... Second, if plain error affecting substantial rights is found, the Court determines whether the error actually did result in manifest injustice or a miscarriage of justice.

*State v. Hunt*, 451 S.W.3d 251, 260 (Mo. banc 2014) (internal quotations and citations omitted).

### Analysis

▮▮▮▮ Rule 25.10 states that, among other matters, the following is not subject to disclosure: "An informant's identity where his identity is a prosecution secret, a failure to disclose will not infringe the constitutional rights of the defendant, and disclosure is not essential to a fair determination of the cause." Rule 25.10(B).

Whether a defendant can have a fair trial without disclosure of the identity of an informant rests within the sound discretion of the trial court. In reviewing a trial court's ruling on this issue, the appellate court must balance the relevance and importance of disclosure to the defense against the State's need for nondisclosure. In doing so, the particular circumstances of a case must be considered including the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors. The burden is upon the defendant to develop a record showing the need for disclosure.

Communications made by informants to government officials are generally privileged and need not be disclosed. The privilege was formulated to encourage citizens to notify officials of crimes, thus promoting effective law enforcement. The privilege is designed for the protection of the public interest and not for the protection of the informant. Concepts of fundamental fairness may create exceptions to the privilege rule in circumstances in which disclosure of the informant's identity is essential ·to enable an accused to adequately establish a defense.

A crucial factor to be considered in determining whether disclosure of the informant's identity may be required is the role played by the informant in the criminal activity. When there is active informant participation plus other factors, such as mistaken identity, contradictory testimony, or a denial of the accusation, or when the informant is the sole witness to the crime charged, then the identity of the informant may be required for purposes of fairness. Other instances where disclosure of the identity of the informant may be required are when the informant is the sole participant, other than the accused, in the drug transaction charged or the informant is the only witness in a position to be called on behalf of the defense.

---

**5.** All rule references are to Missouri Court Rules (2017).

*State v. Dowell*, 25 S.W.3d 594, 608-09 (Mo. App. W.D. 2000) (internal quotations and citations omitted).

■ In meeting his burden to develop a record sufficient to support his motion for disclosure of an informant's identity, a defendant must, during the hearing on his motion, "demonstrate more than bare assertions or speculative or conclusory allegations. . . . Arguments and statements of counsel are not evidence of the facts presented." *State v. Beard*, 442 S.W.3d 84, 94 (Mo. App. S.D. 2014) (internal quotation and citation omitted).

■ Here, the record does not explicitly reveal an evidentiary hearing on Jones' motion for disclosure, nor does the record show any cognizable evidence presented by Jones in support of his motion. The record contains no transcripts of any hearings held on this matter, no recorded testimony or affidavits, and no evidentiary exhibits. The only indicia as to Jones' rationale for requesting the disclosure of the identity of the informant is in the motion itself. The motion for disclosure comprises only arguments and statements of Jones' counsel. As we have previously held, statements and arguments of counsel are not evidence we may consider for purposes of evaluating whether a defendant has met his burden for disclosure of a confidential informant. *See Beard*, 442 S.W.3d at 94. For purposes of our review, the record discloses no evidence the trial court could have considered in Jones' pretrial motion for disclosure. As such, Jones wholly fails to show that he met his burden to develop a record sufficient to support his motion. *Id.*

However, even if the unsworn allegations of counsel in Jones' motion for disclosure were properly reviewable evidence, his claim would still fail. Jones' motion asserted that the confidential informant was an "active participant" in the crime of which he was charged, and that he required the identity of the confidential informant to establish a mistaken identity defense. Jones' motion argued, in relevant part:

A. If the claims made by law enforcement are true, police were unaware of the identity of [Jones] and did not know him from prior experience. Accordingly, the basis for an identification came from the information provided by the confidential informant. Without determining how the informant allegedly knew [Jones], there is no reasonable way for the Defense to possibly attack the identification of the police officer. As the State is well aware, false identifications can and have been made by law enforcement. Specifically, as it relates to the police officers involved in the drug sale cases that were indicted in the Circuit Court of Butler County, it is known that both police officers have made mistaken identifications. The first involves Walter Jackson, Jr., whose charge was dismissed after it was determined he was in prison the date the alleged sale occurred, and the second involves Christopher Law.

B. If claims by law enforcement are true, it is necessary for the Defense to discover how the informant came about the determination he could purchase drugs from [Jones]. Perhaps [Jones] had sold to him in the past. If true, it would be beneficial to know that so as to not ask a question at trial that could potentially affect Counsel's representation of [Jones]. Additionally, in past cases, counsel has encountered cases where the informant repeatedly badgered a defendant into

selling a controlled substance. Due to the attorney/client privilege and counsel's duty of loyalty to his client, counsel cannot explicitly state to the Court that if he intends to proceed on that theory to trial at this point. However, if that were the fact pattern in this case, that would open up the door to an entrapment defense. Ultimately, the judge would decide the admissibility of the instruction, and the jury would decide the merits of the argument should the instruction be submitted. That being said[,] it is impossible for the Court or jury to make that determination based on all facts available without allowing [Jones] to conduct meaningful discovery.

Our Western District examined a trial court's denial of a request for confidential informant disclosure where, like here, there was alleged mistaken identity on the part of a police officer who was an active participant in the crime charged. *State v. Coleman*, 954 S.W.2d 1, 5 (Mo. App. W.D. 1997). In rejecting the defendant's claim on appeal, the court reasoned:

[Appellant] failed to show, either by demonstrating weakness in the State's case or by development of a defense, that disclosure was needed because of a genuine question of mistaken identity or any other issue. [Appellant] did not raise a substantive question as to Detective Regan's ability to identify him as the seller; on the contrary, Detective Regan's identification of [Appellant] was positive and unequivocal, despite vigorous cross-examination by [Appellant]'s trial counsel.

*Id.* at 6. Like *Coleman*, Jones' motion raised no substantive question here as to mistaken identity. Jones' line of argument in his motion is premised largely on bald speculation and hypotheticals. His argument does not affirmatively show how, based on the specific facts of *this* case, the disclosure of the confidential informant was so crucial to the defense as to overcome the State's privilege against such disclosures. Jones fails to demonstrate plain error in the trial court's denial of his motion to disclose the confidential information.

Furthermore, Jones fails to demonstrate manifest injustice or a miscarriage of justice, the standard for prejudice required in plain error review. *Hunt*, 451 S.W.3d at 260. Jones concedes that he was already aware of the identity of the confidential informant, but faults the State for failing to provide the address and contact information of the informant. Jones cites no authority in support of his argument that, in addition to the confidential informant's identity, the State was required to provide the informant's address and contact information; nor does Jones demonstrate that the State was in possession of such information. *See, State v. Hill*, 890 S.W.2d 750, 753-54 (Mo. App. W.D. 1995). Notably, the record reveals that on November 19, 2015, thirteen days before trial, Jones filed a notice to take the deposition of C.W., the confidential informant, on November 23, 2015, using C.W.'s full name.[6] Jones fails to show a manifest injustice or miscarriage of justice.

Jones argues that in light of our recent supreme court cases of *State v. Jackson*, 433 S.W.3d 390 (Mo. banc 2014) and *State v. Pierce*, 433 S.W.3d 424 (Mo. banc 2014), he had no affirmative duty to "develop a record necessitating disclosure by State's witnesses or by adducing evidence on cross-examination." We disagree.

 *Jackson* and *Pierce* dealt with the obligation of the trial court to instruct

6. The record is silent as to whether that deposition actually took place.

on "nested" lesser-included offenses on the basis that the jury is always free to disbelieve all or any part of the evidence concerning that differential element of an offense. *Jackson*, 433 S.W.3d at 405; *Pierce*, 433 S.W.3d at 430-32. In other words, the jury is the ultimate arbiter of the *facts* of the case concerning defendant's *guilt* of the crime charged. However, Rule 25.10(B), governing disclosure of the identity of informants, contemplates a privilege of the State. *Dowell*, 25 S.W.3d at 608-09. The existence or non-existence of privilege is a matter of *law*, properly decided by the trial court. *See, e.g., State ex rel. Behrendt v. Neill*, 337 S.W.3d 727, 729 (Mo. App. E.D. 2011) (explaining that "[a]pplication of the attorney-client privilege is a matter of law.").

We do not interpret *Jackson* and *Pierce* to obviate the ability of trial courts to make pre-trial factual determinations that are necessary for purposes of deciding matters of privilege, admissible evidence, and innumerable other pre-trial matters. Trial court determinations as to informant disclosure do not deal, as *Jackson* and *Pierce* did, with the jury's right to believe or disbelieve whatever evidence is put before it as to defendant's *guilt*; rather, they deal with antecedent factual determinations made by the trial court for the purpose of winnowing the evidence and arguments the jury may properly hear. As such, Jones' attempts to analogize *Jackson* and *Pierce* to this matter are unavailing.

The trial court did not plainly err in denying Jones' motion for disclosure of the confidential informant. The judgment of the trial court is affirmed.

JEFFREY W. BATES, J.—Concurs

DANIEL E. SCOTT, J.—Concurs