

# Missouri Court of Appeals

## Southern District

### Division One

JASON MICHAEL JONES, a/k/a )
JASON MICHAEL HILBURN, )
)
    Movant-Appellant, )
)
v. )    No. SD35627
)
STATE OF MISSOURI, )    **Filed: May 21, 2019**
)
    Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Paul McGhee

**<u>AFFIRMED</u>**

Jason Michael Jones ("Movant") appeals the motion court's denial of his amended Rule 29.15[1] motion for post-conviction relief ("amended motion") following an evidentiary hearing. As the State correctly argues, because the claims Movant raises in this appeal were not included in the amended motion, we must affirm.

**Background**

A jury found Movant guilty of selling a controlled substance to an undercover officer, and the trial court sentenced him as a persistent offender to serve 20 years in the

---

[1] All rule references are to Missouri Court Rules (2019).

1

Department of Corrections. *See* section 195.211.[2] We affirmed Movant's conviction on direct appeal in ***State v. Jones***, 525 S.W.3d 132 (Mo. App. S.D. 2017).

The amended motion was filed on March 1, 2018, and it alleged 24 instances of ineffective assistance of trial and appellate counsel.[3] The amended motion incorporated all of Movant's timely-filed *pro se* claims, and it added two additional claims. As relevant to this appeal, claim "(1) 2" alleged that

> Jordan Cantoni[4] came into the case and me[t] with Movant for the first time on November 27, 2015, with the trial being held on December 2, 2015, and handled the trial without proper preparation to form a solid trial strategy, did not question witness [sic] properly during the trial, failed to bring up key evidence fo [sic] crime during cross-examination of witness, failed to play the second video during trial, failed to properly represent Movant because of lack of preparation of case facts . . . put on no defense during trial . . . came into the case a week prior to trial which led to poor trial strategy[.]

Claim "(l) 4" made similar allegations as to Theodore Liszewski. Specifically it claimed that he "failed to meet with [M]ovant enough to prepare proper defense prior to trial, . . . failed to put on a defense case during trial, [and] did not do a proper investigation of case which in turn led to poor trial strategy[.]"

Claim "(h)" alleged that Movant suffered a "[m]iscarriage of [j]ustice" in that "the confidential informant [("CI")] was allowed to continue working with law enforcement while continuing to commit unrelated felonies and received immunity from crimes[.]"

After hearing the testimony of trial counsel and Movant, the motion court issued its "FINDINGS OF FACT AND CONCLUSIONS OF LAW" that found Movant "did not

---

[2] Unless otherwise indicated, all statutory references are to RSMo 2016. Effective January 1, 2017, section 195.211 was renumbered as section 579.055.

[3] We have independently verified that, after the motion court found that Movant had been abandoned by post-conviction counsel, the amended motion was appropriately treated as timely filed. *See* ***Moore v. State***, 458 S.W.3d 822, 825-26 (Mo. banc 2015).

[4] Movant was represented by two attorneys at trial, Jordan Cantoni and Theodore Liszewski. We refer to them collectively as "trial counsel."

prove" any of his claims, including those described above, and it denied post-conviction relief.  This appeal timely followed.

## Analysis

As Movant's points suffer from the same fatal defect, we address them together. Point 1 claims the motion court clearly erred in denying Movant post-conviction relief because

> trial counsel [] failed to act as reasonably competent attorneys under the same or similar circumstances by choosing the unreasonable trial strategy of *contesting only identity* when the video of the transaction clearly showed [Movant]'s face.  [Movant] was prejudiced because his entire defense was staked on the objectively false and nonviable theory, and [Movant] had an alternate theory that was possible.

(Emphasis added.)

> Point 2 claims the motion court erred in denying relief because

> the State withheld evidence that [the CI] had been accused of fleeing from police, possession of a controlled substance, and burglary, but charges were dismissed or being held in abeyance for [the CI] to assist the drug task force in setting up undercover drug buys, including the one in the present case.

The refined complaints Movant now attempts to raise on appeal are different from the more generic claims contained in his amended motion.  In the amended motion, Movant claimed only that trial counsel employed a "poor trial strategy[.]"  He neither specified what the poor strategy was, nor said what was wrong with it.  On appeal, Movant's first point attempts to challenge "the unreasonable trial strategy of contesting only identity[.]"  He further adds that contesting identity was a "nonviable theory" when "an alternate theory" was available.[5]  In regard to the CI, the amended motion claimed that Movant suffered a "Miscarriage of Justice" because the CI "was allowed to continue working with law enforcement while continuing to commit unrelated felonies and received immunity from

---

[5] The point does not identify what such an "alternate theory" might have been.

3

crimes[.]" Point 2 goes further in claiming that the "State withheld evidence" of three specific crimes the CI allegedly committed, and it claims that the charges against the CI for those crimes were being dismissed or suspended in exchange for the CI's testimony at Movant's trial.[6]

"Claims not raised in a motion for post-conviction relief are deemed waived and cannot be reviewed on appeal. [Further,] '[p]leading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal.'" *Tisius v. State*, 519 S.W.3d 413, 431 (Mo. banc 2017) (internal citation and quotation omitted); Rule 29.15(d). Finally, "there is no plain error review in an appeal from a post-conviction judgment for a claim that was not presented in the post-conviction motion." *Mallow v. State*, 439 S.W.3d 764, 769-70 (Mo. banc 2014).

Because Movant's claims on appeal were not contained in the amended motion, they are "deemed waived and cannot be reviewed on appeal." *Tisius*, 519 S.W.3d at 431.

The motion court's denial of post-conviction relief is affirmed.

DON E. BURRELL, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS

---

[6] The State did not call CI as a witness at Movant's trial.